JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff-appellant, Cassandra Mattox ("appellant"), appeals the decision of the lower court granting a motion to compel arbitration. Having reviewed the arguments of the parties and the pertinent law, we hereby affirm the lower court.
 I {¶ 2} Appellant is a former employee of Dillard's, Inc. She filed the underlying action against defendants-appellees, Dillard's, Inc. and Regina Ritz (collectively "Dillard's") in July 2007. Appellant alleged two claims arising out of Dillard's terminating her employment in July 2003: (1) wrongful discharge in violation of public policy, and (2) race discrimination. In lieu of filing an answer, Dillard's moved to stay the proceedings and to compel arbitration under an arbitration agreement that appellant signed in the course of her employment.
 {¶ 3} Appellant opposed the motion and sought a declaration that the arbitration agreement was unconscionable. In December 2007, appellant attempted to seek discovery from Dillard's, to which Dillard's responded with a motion for a protective order, requesting that the court deny discovery while its motion to stay the proceedings and compel arbitration was pending. The trial court subsequently granted Dillard's motion to compel arbitration and dismissed appellant's claims. The trial court denied all other pending motions as moot.
 II {¶ 4} Appellant's first assignment of error provides the following: "The trial court erred to the prejudice of plaintiff-appellant by holding that the arbitration agreement entered into by plaintiff-appellant and defendant-appellee, Dillard's Inc., was not unconscionable as a matter of law and by subsequently dismissing *Page 4 
plaintiff-appellant's case with prejudice and compelling it to arbitration pursuant to said arbitration agreement."
 {¶ 5} Appellant's second assignment of error provides the following: "The trial court erred to the prejudice of plaintiff-appellant as a matter of law by failing to hold an evidentiary hearing as required by R.C. 2711.03 before issuing the order that both dismissed with prejudice and compelled to arbitration plaintiff-appellant's case against defendants-appellees."
 III {¶ 6} Whether an arbitration clause is unconscionable is a question of law. Insurance Co. of North Am. v. Automatic Sprinkler Corp. (1981), 67 Ohio St.2d 91, 98. In reviewing a trial court's decision granting a motion to compel arbitration, where it is alleged that the arbitration agreement is unconscionable, this court must apply a de novo standard of review, but "any factual findings of the trial court must be accorded appropriate deference." Taylor Bldg. Corp. of Am. v. Benfield,117 Ohio St.3d 352, 2008-Ohio-938, ¶ 2.
 {¶ 7} Ohio and federal courts encourage arbitration to settle disputes. ABM Farms Inc. v. Woods, 81 Ohio St.3d 498, 500,1998-Ohio-612. Arbitration agreements are valid and enforceable and should be upheld just as any other contract. Vanyo v. Clear ChannelWorldwide, 156 Ohio App.3d 706, 2004-Ohio-1793, ¶ 8. Like other contracts, however, an arbitration agreement is not enforceable if it is found to be unconscionable. Williams v. Aetna Fin. Co.,83 Ohio St.3d 464, 471, 1998-Ohio-294.
 {¶ 8} "Unconscionability is generally recognized to include an absence of *Page 5 
meaningful choice on the part of one of the parties to a contract, combined with contract terms that are unreasonably favorable to the other party." Collins v. Click Camera Video, Inc. (1993),86 Ohio App.3d 826, 834; see, also, Lake Ridge Academy v. Carney (1993),66 Ohio St.3d 376, 383. Unconscionability embodies two separate concepts: (1) substantive unconscionability and (2) procedural unconscionability.Collins, supra, at 834. Before a court can find that an arbitration agreement is unconscionable and therefore unenforceable, the party seeking to invalidate it must allege and prove a "quantum" of both prongs. Id.
 {¶ 9} Appellant argues in her first assignment of error that the lower court erred by holding that the arbitration agreement was not unconscionable and by subsequently dismissing plaintiff-appellant's case with prejudice and compelling arbitration pursuant to said arbitration agreement. We do not find merit in appellant's argument.
 {¶ 10} A review of the record demonstrates that Dillard's and its former employee, the appellant, entered into an agreement on July 17, 2001, to arbitrate certain claims. The claims appellant raised in the complaint were covered by this arbitration agreement. The lower court properly enforced the agreement. Dillard's Rules of Arbitration, at page 1, provide: "that the Federal Arbitration Act *** shall apply to these rules and govern the arbitration." The parties also established a two-part procedure for resolving all employment-related disputes. A review of the evidence demonstrates that it was undisputed that appellant agreed to the mandatory arbitration of her employment claims. It is also undisputed that appellant's claims are covered under the Dillard's arbitration procedure. *Page 6 
 {¶ 11} The Ohio Supreme Court has recently confirmed that the issue of whether an arbitration agreement is unconscionable is a legal issue involving contract interpretation. Taylor Bldg. Corp. of Am., supra. Arbitration agreements are favored and enforceable under the Federal Arbitration Act and Ohio's Arbitration Act. Here, the arbitration agreement is not unconscionable. The discussion of attorney's fees in this agreement is valid and consistent with applicable law.
 {¶ 12} We hereby affirm the lower court's decision compelling arbitration of appellant's claims. The claims were covered by a valid and enforceable arbitration agreement.
 {¶ 13} Accordingly, appellant's first assignment of error is overruled.
 {¶ 14} Appellant argues in her second assignment of error that the trial court erred in failing to hold an evidentiary hearing as required by R.C. 2711.03. However, we find appellant's argument to be without merit in this case.
 {¶ 15} Appellant never informed the trial court that a hearing or discovery was needed to develop the record. In addition, appellant set forth her evidence in an affidavit. Therefore, the court "heard" the parties. While a party's request for an oral hearing shall be granted pursuant to R.C. 2711.03, an oral hearing is not mandatory absent a request. See, e.g., Cross v. Carnes (1998), 132 Ohio App.3d 157, 166,724 N.E.2d 828; Liese v. Kent State University, Portage App. No. 2003-P-0033, at 43, 2004-Ohio-5322. Also, see, Church v. FleishourHomes, Inc., 172 Ohio App.3d 205, 216, 2007-Ohio-1806.
 {¶ 16} Accordingly, appellant's second assignment of error is overruled.
 Judgment affirmed. *Page 7 
It is ordered that appellees recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
COLLEEN CONWAY COONEY, P.J., CONCURS IN JUDGMENT ONLY WITH SEPARATE OPINION; MARY J. BOYLE, J., DISSENTS WITH SEPARATE OPINION