[Cite as *Shillingburg v. Turtle Creek Assets, Ltd.*, 2019-Ohio-1156.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | |
|---|---|
| BRADLEY SHILLINGBURG | C.A. No. 29113 |
| Appellant | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| TURTLE CREEK ASSETS, LTD., et al. | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellees | CASE No. CV-2017-12-5096 |

DECISION AND JOURNAL ENTRY

Dated: March 29, 2019

TEODOSIO, Presiding Judge.

{¶1} Bradley Shillingburg appeals the order of the Summit County Court of Common Pleas granting the motion to compel arbitration and staying the case. We reverse and remand.

I.

{¶2} In June 2016, Mr. Shillingburg entered into a lease purchase agreement with Aaron's Inc. ("Aaron's") for a Motorola G5 smartphone. On the same day that Mr. Shillingburg signed the leasing contract, he also signed an arbitration agreement with Aaron's. In June 2017, Aaron's sold Mr. Shillingburg's account, alleged to be delinquent, and assigned the lease purchase agreement to Turtle Creek Assets, Ltd. ("Turtle Creek"). Mr. Shillingburg alleges that Turtle Creek engaged in unlawful activities in attempting to collect on the alleged debt, and in December 2017, Mr. Shillingburg filed his complaint against Turtle Creek and its owner, Gordon S. Engle. In January 2018, Mr. Shillingburg filed an amended class action complaint, adding Forward Properties International, Inc. as a defendant, and alleging claims based upon the Ohio

Consumer Sales Practices Act, the Fair Debt Collection Practices Act, and the Telephone Consumer Protection Act.

{¶3} The defendants filed a motion to compel arbitration and to stay the case pending arbitration, to which Mr. Shillingburg responded in opposition. In June 2018, the trial court granted the motion, staying the case and ordering the matter to arbitration, to be conducted with Mr. Shillingburg in his individual capacity only. Mr. Shillingburg now appeals, raising four assignments of error.

## II.

### ASSIGNMENT OF ERROR ONE

THE TRIAL COURT ERRED IN GRANTING TURTLE CREEK-APPELLEES' MOTION TO COMPEL ARBITRATION, BECAUSE TURTLE CREEK DID NOT OFFER COMPETENT PROOF OF ASSIGNMENT.

### ASSIGNMENT OF ERROR TWO

THE TRIAL COURT ERRED IN GRANTING TURTLE CREEK'S MOTION TO COMPEL ARBITRATION BECAUSE AARON'S MANDATORY ARBITRATION AGREEMENT WAS NOT ASSIGNABLE TO TURTLE CREEK.

### ASSIGNMENT OF ERROR THREE

THE TRIAL COURT ERRED IN GRANTING TURTLE CREEK'S MOTION TO COMPEL ARBITRATION, BECAUSE AARON'S MANDATORY ARBITRATION AGREEMENT DOES NOT APPLY TO IT.

### ASSIGNMENT OF ERROR FOUR

THE TRIAL COURT ERRED IN GRANTING TURTLE CREEK'S MOTION TO COMPEL ARBITRATION, BECAUSE AARON'S MANDATORY ARBITRATION AGREEMENT DOES NOT APPLY TO THE CLAIMS OF MR. SHILLINGBURG.

{¶4} Mr. Shillingburg's first three assignments of error are largely premised upon the theory that the arbitration agreement was a stand-alone document and was not assigned to Turtle

Creek. His fourth assignment of error is based upon his contention that his claims fall outside of the scope of the arbitration agreement. We agree the trial court erred, but for reasons other than those stated.

{¶5} "An arbitration agreement may be enforced through an order directing parties to proceed to arbitration, pursuant to R.C. 2711.03; a stay of trial court proceedings pending arbitration, pursuant to R.C. 2711.02; or both." *Krakora v. Superior Energy Sys.*, 9th Dist. Lorain No. 08CA009423, 2009-Ohio-401, ¶ 5, citing *Maestle v. Best Buy Co.*, 100 Ohio St.3d 330, 2003-Ohio-6465, at ¶ 14, citing *Brumm v. McDonald & Co. Securities, Inc.*, 78 Ohio App.3d 96, 100 (4th Dist.1992). "[P]ursuant to the plain language of R.C. 2711.03, a trial court is explicitly required to hold a hearing on a motion to compel arbitration. A hearing is especially necessary when the parties contest the scope of the arbitration clause." *Boggs Custom Homes, Inc. v. Rehor*, 9th Dist. Summit No. 22211, 2005-Ohio-1129, ¶ 16. Whether a motion to compel arbitration is filed "alone or in combination with a motion to stay the proceedings, the trial court must conduct a hearing." *Krakora* at ¶ 5. "When the record indicates that the trial court did not conduct a hearing, this Court will reverse without addressing the merits of the trial court's decision." *Id.*

{¶6} Turtle Creek expressly requested an order to compel arbitration, and not merely a stay so that arbitration might proceed. It does not appear from the record that a hearing on the motion was held. We therefore reverse and remand so that the trial court may conduct a hearing on the motion. We further note that a hearing is especially necessary when the scope of the arbitration agreement is contested. *See Boggs Custom Homes* at ¶ 16. Although Mr. Shillingburg argued that his claims were outside of the scope of arbitration in his brief to the trial court, the trial court's order failed to specifically address those arguments.

III.

**{¶7}** The order of the Summit County Court of Common Pleas is hereby reversed and remanded for further proceedings consistent with this decision.

Judgment reversed
and remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellees.

THOMAS A. TEODOSIO
FOR THE COURT

HENSAL, J.
CALLAHAN, J.
CONCUR.

APPEARANCES:

RONALD I. FREDERICK and MICHAEL L. BERLER, Attorneys at Law, for Appellant.

BOYD W. GENTRY and ZACHARY P. ELLIOTT, Attorneys at Law, for Appellees.