[Cite as *Lee v. Bath Manor Ltd. Partnership*, 2023-Ohio-816.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

TAMELA LEE,                               :

    Plaintiff-Appellee,          :

                                       No. 111756

    v.                                :

BATH MANOR LIMITED               :
PARTNERSHIP, ET AL.,

                                       :

    Defendants-Appellants.

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** March 16, 2023

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-22-960213

---

### *Appearances:*

Goldstein & Goldstein Co., LLC, and Michael D. Goldstein,
*for appellee.*

Marshall, Dennehey, Warner, Coleman & Goggin, Leslie
M. Jenny, Jason P. Ferrante, and Travis D. Huffman, *for
appellants.*

LISA B. FORBES, J.:

{¶ 1}   Appellants Bath Manor Limited Partnership and Saber Healthcare

Group, L.L.C. (collectively "Bath Manor") appeal the trial court's order denying its

motion to compel arbitration and stay the case pending arbitration without holding a hearing. After reviewing the facts of the case and the pertinent law, we reverse the trial court's judgment.

## A. Facts and Procedural History

{¶ 2} Appellee Tamela Lee ("Lee"), individually and as the administrator of the estate for her mother Cynthia Long, filed a complaint on March 2, 2022, alleging claims for wrongful death, "nursing negligence/survivorship," "nursing home residents' bill of rights," "respondeat superior/vicarious liability," and "punitive damages."

{¶ 3} Bath Manor filed an answer on April 13, 2022, and raised an affirmative defense that Lee "failed to comply with the requirements of the Admission Agreement and/or Arbitration Agreement." Thirteen days later, on April 26, 2022, Bath Manor filed a "motion to stay and compel arbitration agreement and request for hearing." In that motion, Bath Manor "request[ed] an oral hearing pursuant to Ohio Revised Code §2711.03." Lee opposed the motion.

{¶ 4} The trial court summarily denied Bath Manor's motion on June 22, 2022, without holding a hearing. It is from this order that Bath Manor appeals raising the following two assignments of error:

> The trial court erred and abused its discretion by not holding a hearing regarding the enforcement of the arbitration agreement as required by R.C. 2711.

> The trial court erred and abused its discretion by not staying the entire matter pending complete arbitration of all claims arbitrable as required by R.C. 2711.

### B. Law and Analysis

#### 1. Hearing

{¶ 5} In its first assignment of error, Bath Manor argues that the trial court erred when it did not hold a hearing on its motion to stay and compel arbitration pursuant to R.C. 2711.03.[1] We agree.

{¶ 6} A trial court's decision regarding "a motion to compel arbitration, where it is alleged that the arbitration agreement is unconscionable" is reviewed de novo. *Mattox v. Dillard's, Inc.*, 8th Dist. Cuyahoga No. 90991, 2008-Ohio-6488, ¶ 6. *See also Taylor Bldg. Corp. of Am. v. Benfield*, 117 Ohio St.3d 352, 2008-Ohio-938, 884 N.E.2d 12, ¶ 2 (holding "that the proper standard of review of a determination of whether the arbitration agreement is enforceable in light of a claim of unconscionability is de novo").

{¶ 7} R.C. 2711.03 states in pertinent part:

(A) The party aggrieved by the alleged failure of another to perform under a written agreement for arbitration may petition any court of common pleas having jurisdiction of the party so failing to perform for an order directing that the arbitration proceed in the manner provided for in the written agreement. * * * The court shall hear the parties, and, upon being satisfied that the making of the agreement for arbitration or the failure to comply with the agreement is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the agreement.

(B) If the making of the arbitration agreement or the failure to perform it is in issue in a petition filed under division (A) of this section, the court shall proceed summarily to the trial of that issue. If no jury trial

---

[1] We note that the Ohio Supreme Court has accepted for review whether "R.C. 2711.03 mandates that the trial court hold an evidentiary hearing on a motion to compel arbitration." *See 09/14/2022 Case Announcements*, 2022-Ohio-3214, accepting *AJZ's Hauling, L.L.C. v. TruNorth Warranty Programs of N. Am.*, Case No. 2022-0750.

is demanded as provided in this division, the court shall hear and determine that issue. * * *.

{¶ 8} This court has held that when a motion to compel arbitration is filed "the parties should be afforded an evidentiary hearing on the validity of an arbitration clause where unconscionability is raised as an objection to its enforceability." *Post v. ProCare Automotive Serv. Solutions*, 8th Dist. Cuyahoga No. 87646, 2007-Ohio-2106, ¶ 29. *See also* R.C. 2711.03(B).

{¶ 9} In *AJZ's Hauling, L.L.C. v. TruNorth Warranty Programs of N. Am.*, 8th Dist. Cuyahoga No. 109632, 2021-Ohio-1190, ¶ 44, this court recognized that "the plain language of R.C. 2711.03 requires a trial court to hold a hearing on a motion to compel arbitration when the arbitration agreement's enforceability is raised * * *." However, the *AJZ's Hauling* Court concluded that the trial court did not commit reversible error when it did not hold an oral or evidentiary hearing where: (1) the party made a "general, unspecified request for a 'hearing'" on its motion to compel arbitration and (2) when "the parties fully and thoroughly briefed the enforceability and unconscionability issues" with "submitted evidence in support of [the] respective briefs." *Id.* at ¶ 45-46.

{¶ 10} Here, Lee challenged the enforceability of the arbitration agreement. In opposing Bath Manor's motion to compel arbitration, Lee claimed that the arbitration agreement was "not enforceable as to the wrongful death claim * * * [and] it [was] substantively and procedurally unconscionable."²

---

² On appeal, Lee argues that Bath Manor "waived [its] rights to arbitration by actively engaging in litigation." However, Lee did not raise this issue in the trial court and

{¶ 11} We find that, under the circumstances of this case, the court erred when it failed to hold a hearing to determine the validity of the arbitration agreement pursuant to R.C. 2711.03 prior to ruling on the motion to compel arbitration. Unlike *AJZ's Hauling*, in the case at hand, Bath Manor specifically and unequivocally requested a hearing pursuant to R.C. 2711.03 in its motion to compel arbitration. *See Mattox*, 8th Dist. Cuyahoga No. 90991, 2008-Ohio-6488, at ¶ 15 (finding "a party's request for an oral hearing shall be granted pursuant to R.C. 2711.03"). Second, in contrast to *AJZ's Hauling*, in the instant case no evidence was submitted on the issue of enforceability.

{¶ 12} Accordingly, Bath Manor's first assignment of error is sustained.

## 2. Stay Proceedings

{¶ 13} Our disposition of Bath Manor's first assignment of error renders the second assignment of error moot. *See* App.R. 12(A)(1)(c).

{¶ 14} Judgment reversed and remanded to the trial court for further proceedings consistent with this opinion.

It is ordered that appellants recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

---

therefore cannot raise the issue for the first time on appeal. *Miller v. Romanauski*, 8th Dist. Cuyahoga No. 100120, 2014-Ohio-1517, ¶ 35, citing *Thompson v. Preferred Risk Mut. Ins. Co.*, 32 Ohio St.3d 340, 513 N.E.2d 733 (1987).

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LISA B. FORBES, JUDGE

EILEEN A. GALLAGHER, J., CONCURS;
KATHLEEN ANN KEOUGH, P.J., CONCURS (WITH SEPARATE OPINION)

KATHLEEN ANN KEOUGH, P.J., CONCURRING:

{¶ 15} I concur with the majority, but write separately to address two issues. First, even if the trial court finds the arbitration clause enforceable, Lee's wrongful death claims are not subject to arbitration. The parties appear to recognize this in their respective briefs, and the Ohio Supreme Court has made this very clear — "[a] decedent cannot bind his or her beneficiaries to arbitrate their wrongful-death claims." *Peters v. Columbus Steel*, 115 Ohio St.3d 134, 2007-Ohio-4787, 873 N.E.3d 1258, paragraph two of the syllabus.

{¶ 16} The second purpose for this separate opinion is to revive the conversation that Justice Pfeifer started in *Hayes v. The Oakridge Home*, 122 Ohio St.3d 63, 2009-Ohio-2054, 908 N.E.2d 408 (Pfeifer, J., dissenting), that "any nursing home preadmission arbitration agreement is unconscionable as a matter of public policy."

> Arbitration clauses that limit elderly or special-needs patients' access to the courts for claims of negligence or abuse in their care should simply not be honored or enforced by the courts of this state. The General Assembly has enunciated a public policy in favor of special protection of nursing-home residents through its passage of the Ohio Nursing Home Patients' Bill of Rights, R.C. 3721.10 et seq.

*Id*. at ¶ 51.

{¶ 17} By its enactment, "the General Assembly has demonstrated particular interest in ensuring the rights of nursing-home patients and has provided statutory remedies for those patients whose rights are violated." *Id*. at ¶ 54. It also created enforcement provisions, including injunctive relief and the award of attorney fees, and it allows for the reporting of violations to an established grievance committee and to the department of health. *Id*. at ¶ 54-56. "The General Assembly has given nursing-home residents rights and a multitude of ways to preserve those rights. An agreement to arbitrate all disputes flies in the face of the statutory protections of nursing-home residents and should be found unconscionable as a matter of public policy." *Id*. at ¶ 57.

{¶ 18} Protecting nursing-home residents is not just an Ohio issue, but a national issue that the United States Congress has also recognized because legislators have been pursuing a Fairness in Nursing Home Arbitration Act since at least 2008. The bill has sought to amend certain federal acts to prohibit skilled nursing facilities and nursing facilities from using pre-dispute arbitration agreements with respect to residents of those facilities under the Medicare and Medicaid programs.[3] Despite the inability to gain traction over the years, legislators continue to reintroduce this Act as a means to protect those nursing-facility

---

[3] The shift in removing forced arbitration provisions in contracts recently occurred with the passage of the Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act of 2021, effective March 2022. H.R. 4445 (117th Congress 2021-2022). This bill effectively bans employers from forcing workers into arbitration to resolve sexual assault and harassment complaints in the workplace.

residents.  *See* H.R. 2812, 117th Congress, 2021-2022.  *But see* 42 C.F.R. 483, 84 Fed.Reg. 34718, effective July 18, 2019 (Centers for Medicare and Medicaid Advocacy recently enacted a rule repealing the agency's 2016 rule that banned the usage of pre-dispute arbitration agreements in long-term care facilities.  The new rule again permits nursing homes to enter into pre-dispute, binding arbitration agreements.).

{¶ 19} Until the United States Congress or Ohio's General Assembly changes the law to ban the usage of arbitration provisions in nursing-home preadmission agreements, or until additional procedural and substantive safeguards are put into place by nursing-facility operators or a legislative body, courts should carefully scrutinize those arbitration provisions when deciding enforceability.