[Cite as *Snyder v. Old World Classics, L.L.C.*, 2023-Ohio-4019.]

| | | | |
|---|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS | |
| | )ss: | NINTH JUDICIAL DISTRICT | |
| COUNTY OF MEDINA | ) | | |

MATTHEW SNYDER, et al.

    Appellants

    v.

OLD WORLD CLASSICS, LLC

    Appellee

C.A. No.    2023CA0019-M

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF MEDINA, OHIO
CASE No.    23 CIV 0055

DECISION AND JOURNAL ENTRY

Dated: November 6, 2023

FLAGG LANZINGER, Judge.

{¶1} Matthew and Katherine Snyder appeal from the judgment of the Medina County Court of Common Pleas, granting Old World Classics, LLC's ("Old World") motion to stay and compel arbitration. We reverse and remand.

I.

{¶2} According to their complaint, the Snyders entered into a construction contract with Old World, a home construction business, in October 2020 for the construction of a new home. The contract contained a "Mediation/Arbitration" provision, which required the parties to attempt to resolve any dispute through private mediation. If the dispute remained unresolved after private mediation, the contract required the parties to submit the dispute to binding arbitration.

{¶3} In January 2023, the Snyders filed a complaint against Old World, asserting claims for fraud, violation of the home construction service suppliers act, promissory estoppel, slander of title, lien release, and breach of contract. Old World responded to the Snyders' complaint by filing

a motion to stay and compel arbitration pursuant to the parties' contract. The trial court then set the matter for a "non-oral hearing" to occur on Monday, March 27, 2023. The trial court also set a deadline for the parties to submit opposing briefs and memoranda by Friday, March 24, 2023.

{¶4} On March 24, 2023, the Snyders filed their opposition to Old World's motion to stay and compel arbitration, arguing that Old World fraudulently induced them into agreeing to the arbitration clause, rendering it void and unenforceable. On March 27, 2023, the trial court summarily granted Old World's motion to stay and compel arbitration. The Snyders now appeal, assigning as error that the trial court erred by granting Old World's motion to stay and compel arbitration.

II.

ASSIGNMENT OF ERROR

THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY GRANTING
THE APPELLEE'S MOTION TO STAY AND COMPEL ARBITRATION.

{¶5} In their sole assignment of error, the Snyders argue that the trial court erred by granting Old World's motion to stay and compel arbitration. This Court agrees, but for different reasons other than those asserted in the Snyders' assignment of error.

{¶6} R.C. 2711.03 governs motions to compel arbitration and provides, in part:

> The party aggrieved by the alleged failure of another to perform under a written agreement for arbitration may petition any court of common pleas having jurisdiction of the party so failing to perform for an order directing that the arbitration proceed in the manner provided for in the written agreement. Five days' notice in writing of that petition shall be served upon the party in default. Service of the notice shall be made in the manner provided for the service of a summons. *The court shall hear the parties*, and, upon being satisfied that the making of the agreement for arbitration or the failure to comply with the agreement is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the agreement.

(Emphasis added.) R.C. 2711.03(A).

{¶7}     In *Shillingburg v. Turtle Creek Assets, Ltd.*, this Court made clear that R.C. 2711.03 requires a trial court to hold an oral hearing on a party's motion to compel arbitration. 9th Dist. Summit No. 29113, 2019-Ohio-1156, ¶ 5.  This Court explained:

> "An arbitration agreement may be enforced through an order directing parties to proceed to arbitration, pursuant to R.C. 2711.03; a stay of trial court proceedings pending arbitration, pursuant to R.C. 2711.02; or both."  * * * "[P]ursuant to the plain language of R.C. 2711.03, a trial court is explicitly required to hold a hearing on a motion to compel arbitration.  A hearing is especially necessary when the parties contest the scope of the arbitration clause." * * * Whether a motion to compel arbitration is filed "alone or in combination with a motion to stay the proceedings, the trial court must conduct a hearing."  * * * "When the record indicates that the trial court did not conduct a hearing, this Court will reverse without addressing the merits of the trial court's decision." *Id.*

*Id.*

{¶8}     After this Court's decision in *Shillingburg*, the Ohio Supreme Court issued an order certifying a conflict between *Shillingburg*, which requires a trial court to hold an oral hearing, and decisions from the Fourth and Eighth District Courts of Appeals, which held that a trial court is not required to hold an oral hearing absent a request for same.  *Chrysler Fin. Servs. v. Henderson*, 4th Dist. Athens No. 11CA4, 2011-Ohio-6813, ¶ 21 ("[A] trial court need not hold an oral or evidentiary hearing regarding an R.C. 2711.03 motion absent a proper request."); *Mattox v. Dillard's, Inc.*, 8th Dist. Cuyahoga No. 90991, 2008-Ohio-6488, ¶ 15 ("While a party's request for an oral hearing shall be granted pursuant to R.C. 2711.03, an oral hearing is not mandatory absent a request.").  Thus, the Ohio Supreme Court certified the following question: "Does R.C. 2711.03 require a trial court to hold an oral hearing on a motion to compel arbitration?" *Shillingburg v. Turtle Creek Assets, Ltd.*, 156 Ohio St.3d 1469, 2019-Ohio-2953.  The Ohio Supreme Court never answered this question, however, because the appellant in *Shillingburg* applied for a dismissal of the appeal, which the Court granted.  *Shillingburg v. Turtle Creek Assets, Ltd.*, 156 Ohio St.3d 1472, 2019-Ohio-2995.

**{¶9}** Then, in *AJZ's Hauling, L.L.C. v. TruNorth Warranty Programs of N. America*, Slip Opinion No. 2023-Ohio-3097, ¶ 13, the Ohio Supreme Court accepted jurisdiction over the following proposition of law:

> R.C. 2711.03 mandates that a trial court hold an evidentiary hearing on a motion to compel arbitration. Yet, this notwithstanding, there is an existing conflict between the appellate districts on whether an oral or evidentiary hearing is mandatory, necessitating this Court to settle the dispute.

The Ohio Supreme Court, however, resolved the appeal on res judicata grounds and declined to address the above proposition of law. *Id.* at ¶ 22. In doing so, the Court acknowledged that "this area of law may need clarification," but "exercise[d] judicial restraint" in declining to address the issue. *Id.* Thus, as of the issuance of this decision, the Ohio Supreme Court has yet to opine as to whether an oral hearing is required under R.C. 2711.03.

**{¶10}** Absent further direction from the Ohio Supreme Court–and consistent with this Court's precedent in *Shillingburg*–we hold that the trial court erred by not holding an oral hearing on Old World's motion to stay and compel arbitration. As a result, we reverse and remand the matter so that the trial court may conduct an oral hearing on Old World's motion. S*hillingburg*, 2019-Ohio-1156, at ¶ 6.

### III.

**{¶11}** The order of the Medina County Court of Common Pleas is reversed and remanded for further proceedings consistent with this decision.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

JILL FLAGG LANZINGER
FOR THE COURT

HENSAL, P. J.
STEVENSON, J.
CONCUR.

APPEARANCES:

MATTHEW L. SNYDER, Attorney at Law, pro se, for Appellants.

ALEX J. MCCALLION and AARON M. JONES, Attorneys at Law, for Appellee.