[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Snyder v. Old World Classics, L.L.C.*, Slip Opinion No. 2025-Ohio-1875.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2025-OHIO-1875

SNYDER ET AL., APPELLEES, *v.* OLD WORLD CLASSICS, L.L.C., APPELLANT.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Snyder v. Old World Classics, L.L.C.*, Slip Opinion No. 2025-Ohio-1875.]**

*Civil law—Party-presentation principle—Because none of the parties requested an oral hearing before trial court on motion to stay litigation and compel arbitration and on appeal did not assign error to trial court's failure to hold an oral hearing on the motion, court of appeals violated party-presentation principle by reversing trial court's order compelling arbitration on grounds that trial court did not hold an oral hearing on the motion—Court of appeals' judgment vacated and cause remanded to court of appeals.*

(Nos. 2023-1616 and 2024-0074—Submitted January 8, 2025—Decided May 28, 2025.)

APPEAL from and CERTIFIED by the Court of Appeals for Medina County, No. 2023 CA 0019-M, 2023-Ohio-4019.

_____

HAWKINS, J., authored the opinion of the court, which KENNEDY, C.J., and FISCHER, DEWINE, BRUNNER, DETERS, and SHANAHAN, JJ., joined.

**HAWKINS, J.**

{¶ 1} Appellees, Matthew and Katherine Snyder, entered into a home-construction agreement ("the agreement") with appellant, Old World Classics, L.L.C. The agreement contained a dispute-resolution clause requiring the parties to resolve any disputes through binding arbitration. A dispute arose among the parties, and the Snyders filed a civil action alleging fraud and breach of contract, among other claims, in the Medina County Court of Common Pleas. Old World filed a motion to stay the litigation and compel arbitration in accordance with the dispute-resolution clause in the agreement. The trial court granted Old World's motion without holding an oral hearing.

{¶ 2} The Snyders appealed that decision to the Ninth District Court of Appeals, asserting that the trial court erred when it granted Old World's motion to stay and compel arbitration because the arbitration clause was void due to fraudulent inducement. The appellate court did not address the merits of the Snyders' argument but instead held that the trial court had erred procedurally by failing to hold an oral hearing on the motion. 2023-Ohio-4019, ¶ 5, 10 (9th Dist.). The Ninth District reversed the trial court's judgment and remanded the case to the trial court for the purpose of holding an oral hearing. *Id*. at ¶ 10.

{¶ 3} Old World appealed to this court, and while the jurisdictional appeal was pending, the Ninth District certified a conflict between its decision in this case and two other appellate-court decisions on the following question: "Does R.C. 2711.03 require a trial court to hold an oral hearing on a motion to compel arbitration?" We agreed that a conflict exists and also accepted the jurisdictional appeal. 2024-Ohio-880. We consolidated the cases and ordered briefing on the certified-conflict question. *Id*.

**{¶ 4}** "[O]ur judicial system relies on the principle of party presentation, and courts should ordinarily decide cases based on issues raised by the parties." *Epcon Communities Franchising, L.L.C. v. Wilcox Dev. Group, L.L.C.*, 2024-Ohio-4989, ¶ 15, citing *Greenlaw v. United States*, 554 U.S. 237, 243 (2008). Under the principle of party presentation, "we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present." *Greenlaw* at 243. Here, the record reveals that neither party requested a hearing before the trial court on the motion to stay and compel arbitration and that neither party raised before the Ninth District as an assignment of error on appeal the issue of the trial court's failure to hold an oral hearing on the motion. The Ninth District therefore violated the party-presentation principle when it reversed the trial court's order compelling arbitration on the grounds that the trial court did not hold an oral hearing on the motion.

**{¶ 5}** We accordingly vacate the Ninth District Court of Appeals' judgment and remand the cause to that court for it to consider whether the arbitration clause is void due to fraudulent inducement. Since we are vacating the court of appeals' judgment, the conflict certified to this court no longer exists.

Judgment vacated
and cause remanded.

_____

Matthew Snyder, for appellees.

Brennan, Manna & Diamond, L.L.C., Alex J. McCallion, and Mathew E. Doney, for appellant.

_____