[Cite as *Carrington v. Beverly*, 2026-Ohio-1293.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
HIGHLAND COUNTY

| | | |
|---|---|---|
| KAYLA CARRINGTON, | : | |
| Plaintiff-Appellee, | : | Case No. 25CA22 |
| v. | : | |
| DERRICK BEVERLY, | : | DECISION AND JUDGMENT ENTRY |
| Defendant-Appellant. | : | |

_____

APPEARANCES:

Derrick Beverly, Middletown, Ohio, pro se.

Anneka P. Collins, Highland County Prosecuting Attorney, and
James Roeder, Highland County Assistant Prosecuting Attorney,
Hillsboro, Ohio, for appellee.

_____

CIVIL APPEAL FROM COMMON PLEAS COURT
DATE JOURNALIZED:4-1-26
ABELE, J.

{¶1} This is an appeal from a Highland County Common Pleas Court, Juvenile Division, judgment that affirmed an order that terminated the child support obligation of Derrick Beverly, defendant below and appellant herein. Appellant assigns the following errors for review:

> FIRST ASSIGNMENT OF ERROR:
>
> "THE TRIAL COURT ERRED AS A MATTER OF LAW AND VIOLATED APPELLANT'S CONSTITUTIONAL RIGHT TO DUE PROCESS UNDER THE FOURTEENTH AMENDMENT BY OVERRULING APPELLANT'S [SIC] WITHOUT ADDRESSING MATERIAL EVIDENCE SHOWING THAT THE GENETIC TESTING WAS CONDUCTED ON

ANOTHER ALLEGED FATHER, BRADLEE J. WEST, AND NOT THE APPELLANT."

SECOND ASSIGNMENT OF ERROR:

"THE TRIAL COURT ERRED IN FAILING TO RECOGNIZE THAT THE ORIGINAL JANUARY 23, 2007 CHILD SUPPORT ORDER WAS OBTAINED BY FRAUD AND MISREPRESENTATION, THEREBY DEPRIVING THE COURT OF JURISDICTION TO ENFORCE THE ORDER AGAINST APPELLANT."

THIRD ASSIGNMENT OF ERROR:

"THE TRIAL COURT ERRED BY DISMISSING APPELLANT'S CONSTITUTIONAL CHALLENGES, INCLUDING CLAIMS OF COERCION, DURESS, AND MISREPRESENTATION BY THE HIGHLAND COUNTY CHILD SUPPORT ENFORCEMENT AGENCY, WITHOUT HOLDING AN EVIDENTIARY HEARING OR MAKING FINDINGS OF FACT."

FOURTH ASSIGNMENT OF ERROR:

"THE TRIAL COURT ERRED BY REFUSING TO CONSIDER APPELLANT'S OBJECTIONS IN LIGHT OF NEWLY DISCOVERED EVIDENCE CONTAINED IN THE RECORD, INCLUDING STOP PROGRAM INTAKE DOCUMENTS AND CHAIN OF CUSTODY RECORDS, WHICH DEMONSTRATE THAT APPELLANT NEVER VOLUNTARILY SUBMITTED TO PATERNITY TESTING."

FIFTH ASSIGNMENT OF ERROR:

"THE TRIAL COURT'S FAILURE TO VACATE OR RECONSIDER THE PRIOR CHILD SUPPORT ORDER CONSTITUTES PLAIN ERROR AND AN ABUSE OF DISCRETION, AS THE JUDGMENT WAS BASED ON AN INVALID AND FRAUDULENT GENETIC TESTING RECORD."

{¶2} In November 2006, the Highland County Child Support Enforcement Agency, appellee herein, issued an administrative order that established appellant as the biological father of a

minor child.  The order contained a notice that advised appellant and the child's mother, Kayla Carrington, that either parent may object to the order "by bringing an action pursuant to sections 3111.01 to 3111.18 of the Revised Code in the juvenile court . . . within thirty (30) days of the date of this administrative order."  The record does not contain any evidence that either parent objected to this order.

{¶3} On January 23, 2007, appellee filed an order to establish appellant's duty of support for the child.  The order directed appellant to pay $189.54 in monthly child support.  This order contained a notice that stated, "[e]ither party may object to this administrative support order by bringing an action under section 2151.231 of the Ohio Revised Code no later than thirty (30) days after the issuance of this order."  The notice further stated that "[i]f neither the mother nor the father brings an action in the juvenile court within the thirty-day period, this administrative order is final . . . ."  The record does not contain any evidence that either parent objected to this order.

{¶4} On March 5, 2025, appellee submitted a recommendation to terminate appellant's child support obligation due to the minor child attaining the age of majority and graduating high school.  The order indicated that as of February 28, 2025, appellant's child support obligation was $13,620.79 in arrears.

On March 24, 2025, appellee conducted a hearing to determine whether the March 5, 2025 order contained a mistake. Appellee concluded that no mistake had occurred and affirmed the March 5, 2025 recommendation to terminate appellant's child support obligation.

{¶5} On April 7, 2025, appellant objected to the administrative order by filing an action with the juvenile court. He later filed two additional documents that outlined more specific objections to the administrative order.

{¶6} In the first document, appellant objected to the court asserting personal jurisdiction over him and to its subject matter jurisdiction. He also requested the court to "provide tangible evidence" to demonstrate that (1) it had jurisdiction, (2) appellee had complied with the Child Support Enforcement Act, (3) "all writs and process issued by the Court comply with the requirements of 28 U.S. Code § 1691," and (4) "due process safeguards were followed." Appellant asserted that "the child support order was entered against [him] without proper notice, without an opportunity to be heard, and without demonstrating that the court had the appropriate jurisdiction over the subject matter."

{¶7} In the second document, appellant asserted that "[t]he circumstances surrounding [his] submission to the child support process, and the subsequent agreements [he] was compelled to

make, violated [his] constitutional rights . . . to due process and protection against coerced or involuntary contracts." Appellant argued that he "was threatened with severe penalties, including the suspension of [his] driver's license, income withholding from [his] employment, and even incarceration if [he] did not provide [his] private financial information and consent to forced paternity testing." He claimed that "[t]his conduct constitute[d] unlawful coercion and render[ed] any subsequent agreements void." Appellant further contended that his attorney and appellee "misled" him "regarding the full consequences of signing the paternity acknowledgment and agreeing to child support obligations." He argued that he was given "insufficient and inaccurate" information, which "depriv[ed him] of the opportunity to make an informed decision."

{¶8} Consequently, appellant requested the following relief: (1) "[i]mmediate cessation of any and all enforcement actions related to the child support order"; (2) "[a] formal review and reversal of the paternity acknowledgment and support order"; (3) "[r]eimbursement of any and all funds collected under the void child support orders"; and (4) "[a] written acknowledgment from your office confirming that the child support order is null and void and will be set aside and dismissed with prejudice."

{¶9} On May 20, 2025, the trial court held a hearing to consider appellant's objections. Appellant indicated that he primarily objected to the amount of arrearages that appellee stated that he owed. Appellant explained that he had been incarcerated for about six years and he believed that he should be relieved from the duty to pay child support during his incarceration.

{¶10} Appellee, however, pointed out that appellant initially had paid his child support obligation in 2007, then stopped paying around the middle of 2007 through the middle of 2012. Appellant indicated that he had been incarcerated during that time period. Appellee reported that appellant resumed paying child support in the middle of 2012, which appellant stated coincided with his release from prison. Appellee asserted that its records showed that appellant had paid a total of $28,162.61 in child support.

{¶11} Appellee further stated that, although an agency now may reduce an incarcerated parent's child support obligation during the time of the parent's incarceration, at the time of appellant's incarceration the law did not recognize that an incarcerated parent is entitled to a child support reduction during the time of incarceration.

{¶12} The trial court stated that, if the mother agreed to waive the arrearages, then the court might consider the matter

resolved.  The court explained that it attempted to secure the mother's presence for the hearing, but she could not be served at the address available.  The court thus continued the hearing to see if the mother could be served.

{¶13} On July 8, 2025, the trial court reconvened the hearing.  At the start, appellee stated that it attempted to serve the mother, and appellee had not received any failure of service.  Appellee further explained that it attempted to contact the mother by telephone, but had not been successful. The court indicated that it had received a certified mail return and, thus, found that the mother had been properly served.

{¶14} When the trial court asked appellant whether his objection primarily involved the amount of arrearages owed, appellant stated that he believed that the termination order was void because the child support order "was never created successfully."  He did not believe that he should have been ordered to pay any child support from the start.

{¶15} The trial court listened to appellant's argument and noted that appellant had filed a separate lawsuit against appellee.  The court decided to continue the hearing so that it could review the lawsuit before it issued a decision.

{¶16} On September 9, 2025, the trial court held another hearing and gave appellant the opportunity to submit evidence. Appellee indicated that it had received the documents that

appellant had filed, and appellant stated that he did not have "too much more" to present.  Appellant claimed that the paperwork from appellee (1) did not have correct calculations, and (2) contained coerced and fraudulent signatures.  He stated that he did not have any additional evidence to submit beyond what he already had filed.

{¶17} On September 10, 2025, the trial court concluded that appellant's objections lacked merit.  The court found that appellant signed the January 23, 2007 support order, understood the order, and received a copy of it.  The court thus overruled appellant's objections to the administrative termination order.  This appeal followed.[1]

A

{¶18} We initially note that appellant's brief does not comply with the Rules of Appellate Procedure or with this court's local rules.  App.R. 16(A)(7) requires an appellant's brief to contain an argument that sets forth "the contentions of

---

[1] We observe that, on September 17, 2025, appellant filed a notice of appeal.  The trial court did not, however, affirm the agency's termination order until September 18, 2025.  Appellant thus prematurely filed his notice of appeal.

App.R. 4(C) governs premature notices of appeal and states as follows: "A notice of appeal filed after the announcement of a decision . . . but before entry of the judgment or order that begins the running of the appeal time period is treated as filed immediately after the entry."

In the case at bar, we therefore treat appellant's notice of appeal as being filed immediately after the court entered its September 18, 2025 judgment.  *See State ex rel. Conrath v. LaRose*, 2022-Ohio-3594, ¶ 15 ("when a party files a premature notice of appeal of a judgment, it is not ineffective," but it "becomes effective once the judgment is final").

the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies." Fourth Dist.Loc.R. 16(A)(7) similarly states that an appellant's brief must contain an argument with "the contentions of the appellant with respect to the assignments of error and the supporting reasons with citations to the authorities and statutes on which the appellant relies." This rule further commands that "[e]ach assignment of error shall be separately discussed and shall include the standard or standards of review applicable to that assignment of error under a separate heading placed before the discussion of the issues." Fourth Dist.Loc.R. 16(A)(7).

{¶19} App.R. 16(A)(2) allows us to "disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately in the brief, as required under App.R. 16(A)."

{¶20} In the case at bar, appellant's argument does not comply with Fourth Dist.Loc.R. 16(A)(7) or App.R. 16(A)(7). Appellant's "Law and Argument" section consists of six paragraphs that read as follows:

> Under the Fourteenth Amendment to the United States Constitution and Article I, Section 16 of the Ohio Constitution, a person may not be deprived of liberty

or property without due process of law.  Fundamental fairness requires notice, a meaningful opportunity to be heard, and decisions based on competent, reliable evidence (*Mathews v. Eldridge*, 424 U.S. 319 (1976)).

In this case, the evidence relied upon by the Highland County CSEA was neither competent nor reliable.  The LaGene Technologies chain of custody documentation plainly identifies Bradlee J. West as the alleged father tested, not Appellant.  The trial court failed to address this material discrepancy or hold an evidentiary hearing to determine the authenticity of the testing results.

Fraud on the court occurs when an officer of the court, such as a government attorney or agency, engages in conduct that defiles the judicial process itself (*Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944)).  The CSEA's misrepresentation of genetic evidence constitutes such fraud, rendering the 2007 judgment void.  A void judgment may be attacked at any time.

Additionally, if the agency used DNA obtained from Appellant's juvenile STOP program intake records without consent, such conduct violated Appellant's Fourth Amendment rights against unreasonable search and seizure, as well as his due process rights under the Fourteenth Amendment.  Ohio law provides no authority permitting a child support agency to use juvenile or detention DNA samples for paternity proceedings without a valid court order and notice to the individual tested.

The trial court's refusal to examine these claims or consider newly discovered evidence constitutes an abuse of discretion.  An abuse of discretion occurs when a court's decision is unreasonable, arbitrary, or unconscionable (*Blakemore v. Blakemore*, 5 Ohio St.3d 217 (1983)).  The failure to hold a hearing where allegations of fraud and misrepresentation are supported by documentary evidence is arbitrary and denies fundamental fairness.

For these reasons, this Court should reverse the judgment below and remand for an evidentiary hearing on the validity of the genetic testing, the origin of

Appellant's alleged DNA, and the lawfulness of the
2007 support order.

**{¶21}** Although some of these paragraphs cite authorities,
appellant's brief does not (1) set forth the applicable standard
of review, (2) identify the reasons that support each
contention, or (3) cite authority to support the reasons for
each contention.

**{¶22}** Because appellant's assignments of error do not comply
with the appellate rules, we would be well within our discretion
to simply disregard them.  However, we prefer to review a case
on its merits rather than dismiss it due to minor
technicalities.  Thus, we generally afford considerable leniency
to pro se litigants.  *E.g., Viars v. Ironton*, 2016-Ohio-4912, ¶
25 (4th Dist.); *State ex rel. Karmasu v. Tate*, 83 Ohio App.3d
199, 206 (4th Dist.1992).  "Limits do exist, however.  Leniency
does not mean that we are required 'to find substance where none
exists, to advance an argument for a pro se litigant or to
address issues not properly raised.'"  *State v. Headlee*, 2009-
Ohio-873, ¶ 6 (4th Dist.), quoting *State v. Nayar*, 2007-Ohio-
6092, ¶ 28 (4th Dist.); *accord In re Estate of Pallay*, 2006-
Ohio-3528, ¶ 10 (4th Dist.); *Karmasu v. Tate*, 1994 WL 521235, *4
(4th Dist. Sept. 15, 1994).  Furthermore, we will not "conjure
up questions never squarely asked or construct full-blown claims
from convoluted reasoning."  *Karmasu*, 83 Ohio App.3d at 206.

{¶23} Additionally, appellate courts "are not obligated to search the record or formulate legal arguments on behalf of the parties." *State v. Quarterman*, 2014-Ohio-4034, ¶ 19; *see State v. Clark*, 2025-Ohio-4410, ¶ 23 (appellate courts will not "cobble together an argument for an appellant"); *see In re Application of Columbus S. Power Co.*, 2011-Ohio-2638, ¶ 19 (appellate courts should not "develop a party's arguments"). Moreover, "[a]ppellate courts should not perform independent research to create an argument for a litigant." *State v. Sims*, 2023-Ohio-1179, ¶ 109 (4th Dist.); *Quarterman*, 2014-Ohio-4034, at ¶ 19, quoting *State v. Bodyke*, 2010-Ohio-2424, ¶ 78 (O'Donnell, J., concurring in part and dissenting in part), quoting *Carducci v. Regan,* 714 F.2d 171, 177 (D.C.Cir.1983) ("'"appellate courts do not sit as self-directed boards of legal inquiry and research"'"). "[W]e cannot write a party's brief, pronounce ourselves convinced by it, and so rule in the party's favor. That's not how an adversarial system of adjudication works." *Xue Juan Chen v. Holder*, 737 F.3d 1084, 1085 (7th Cir. 2013). Instead, "'we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present.'" *Snyder v. Old World Classics, L.L.C.*, 2025-Ohio-1875, ¶ 4, quoting *Greenlaw v. United States*, 554 U.S. 237, 243 (2008).

{¶24} In the case sub judice, appellant's brief does not contain fully developed arguments for each assignment of error. Addressing each assignment of error would require us to create arguments on appellant's behalf and to conduct independent research to support those arguments.  Because our role is to act as a neutral arbiter of the legal issues presented, we will not create appellant's arguments or conduct research to support his arguments.  Instead, we will consider the essential substance of the arguments contained within appellant's assignments of error.

B

{¶25} The essential point of appellant's assignments of error appears to be that the trial court erred by failing to declare the 2007 child support order void.  Appellant does not, however, cite any authority that allows a trial court that is reviewing objections to a child support termination order to declare as void a child support order entered almost two decades ago.  We therefore overrule appellant's assignments of error relating to the validity of the 2007 child support order.  *See generally Pannell v. McCall*, 2025-Ohio-915, ¶¶ 11-12 (10th Dist.) (parent waived any objection to an administrative support order when the parent did not timely object to the order); *In re I.L.J.*, 2019-Ohio-5241, ¶ 30 (8th Dist.) (if neither parent objects to an administrative order establishing child support within 30 days of that order, "the administrative support order

is final and enforceable by a court and may be modified only as provided in R.C. Chapters 3119, 3121, and 3123"); *In re J.M.G.*, 2013-Ohio-2693, ¶ 19-20 (8th Dist.) (rejecting a parent's assertion that the parent was denied a "meaningful opportunity to be heard" concerning the parent's objections to an administrative child support order when the parent failed to timely object to the administrative order).

{¶26} Moreover, to the extent that appellant claims that the trial court failed to afford him an evidentiary hearing to consider his claims of fraud and misrepresentation, we observe that the trial court held three separate hearings to consider appellant's objections. Appellant appeared at each hearing, and the trial court allowed him to submit any evidence that he had. Appellant informed the court that he had filed all of the evidence that he intended to submit in support of his objections to the termination order. The record thus does not support appellant's contention that the trial court failed to hold a hearing or failed to allow him to submit evidence.

{¶27} In sum, nothing in the record suggests that the trial court erred by overruling appellant's objections to the administrative order terminating his child support obligation.

{¶28} Accordingly, based upon the foregoing reasons, we overrule appellant's assignments of error and affirm the trial court's judgment.

JUDGMENT AFFIRMED.

JUDGMENT ENTRY

It is ordered that the judgment be affirmed.  Appellee shall recover of appellant the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Highland County Common Pleas Court, Juvenile Division, to carry this judgment into execution.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Smith, P.J. & Hess, J.: Concur in Judgment & Opinion

For the Court

BY:_____
    Peter B. Abele, Judge

NOTICE TO COUNSEL

Pursuant to Local Rule No. 22, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.