[Cite as *Kaminsky v. New Horizons Computer Learning Ctr. of Cleveland*, 2016-Ohio-1468.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 103416

---

## MICHAEL KAMINSKY

### PLAINTIFF-APPELLEE

vs.

## NEW HORIZONS COMPUTER LEARNING CENTER OF CLEVELAND

### DEFENDANT-APPELLANT

---

### JUDGMENT:
AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-15-844922

**BEFORE:** Celebrezze, J., E.T. Gallagher, P.J., and Laster Mays, J.

**RELEASED AND JOURNALIZED:** April 7, 2016

**ATTORNEYS FOR APPELLANT**
Martin T. Galvin
Marianne Barsoum Stockett
Amanda M. Gatti
Reminger Co., L.P.A.
101 West Prospect Avenue, Suite 1400
Cleveland, Ohio 44115-1093


**ATTORNEYS FOR APPELLEE**

David L. Harvey, III
Matthew B. Abens
Jason T. Hartzell
Harvey Abens Iosue Co., L.P.A.
3404 Lorain Avenue
Cleveland, Ohio 44113

FRANK D. CELEBREZZE, JR., J.:

{¶1} Defendant-appellant, New Horizons Computer Learning Center of Cleveland, L.L.C. ("appellant"), brings this appeal challenging the trial court's judgment denying its motions for judgment on the pleadings or in the alternative to stay proceedings and compel arbitration. After a thorough review of the record and law, this court affirms.

## I. Factual and Procedural History

{¶2} Plaintiff-appellee, Michael Kaminsky ("Kaminsky"), began working for appellant as an information technology ("IT") instructor in 1998. Appellant employed Kaminsky on an at-will basis. On April 3, 2007, Kaminsky signed an "Arbitration As Exclusive Remedy" ("AER") contract. The AER contract provides in relevant part:

> [New Horizons has] adopted an Arbitration Procedure. Arbitration is a process in which the employee and the business present their positions concerning the employee's claim(s) to an impartial arbitrator who determines the merits of the claim(s). An arbitration hearing resembles a court proceeding in certain ways. Both parties have the opportunity to be represented by an attorney, to make opening statements, to present testimony and introduce exhibits through witnesses, to cross-examine the other party's witnesses and to make closing statements.
>
> Arbitration is used by New Horizons as the exclusive process through which an employee may challenge on various grounds any employment decision relating in any way to his or her employment or terms and conditions of employment. It is the employee's exclusive remedy and is final and binding. It provides the sole mechanism for an employee to assert all legal claims against New Horizons which eliminates time consuming and expensive litigation. This means that an employee waives his/her right to pursue a claim falling within the scope of this Procedure in a court of law.
>
> **Scope of Arbitration Procedure**
>
> This arbitration procedure is applicable to all New Horizons employees. This arbitration procedure applies to all legal claims or theories (excluding claims arising under a separate Confidentiality, Non-Competition and Non-Solicitation

Agreement signed by the employee) including discrimination, retaliation, violation of public policy, and tort claims, and specifically any claims that could be made under state or federal civil rights laws including but not limited to the Title VII of the Civil Rights Act of 1964, the Civil Rights Act of 1991, the Age Discrimination in Employment Act, the Americans with Disabilities Act, 42 USC Section 1981 or any other employment-related statute or legal theory.

Any claim or theory that the Company breached a contract also comes within the scope of this procedure.     However, to the extent any such claim is inconsistent with and precluded by New Horizons' at-will employment policy, such a claim will be subject to summary disposition (if raised in court) or pre-hearing disposition (if raised in the request for arbitration).

{¶3} In 2013, Kaminsky accepted a job with another company and submitted his two-weeks' notice to appellant.   In an effort to retain Kaminsky, appellant began negotiating the terms of his employment.   The parties negotiated a new employment contract with the following conditions: (1) Kaminsky's employment status was changed from at will to a three-year contractual term, (2) Kaminsky received a raise and yearly bonuses, and (3) Kaminsky's Confidentiality and Non-Competition Agreements were renewed.

{¶4} The record is devoid of a formal employment contract.   However, the parties' agreement was memorialized in an email sent to Kaminsky on May 16, 2013, that provided, in relevant part:

I'm glad that we figured it out.

Just to confirm our discussion:

3-year Employment Agreement.    Renewal of Confidentiality/Non-Compete. These should both be completed by Monday or Tuesday.

Salary = $145,000

Bonus Year 1 = $20,000
Bonus Year 2 = $25,000
Bonus Year 3 = $30,000

Bonus Criteria = 180 Teach Days / 8.47 Instructor MTM score

However, these bonus amounts will be guaranteed so long as there is significant intent to reach this criteria. As such, the bonus will be paid out in equal quarterly installments on the paycheck subsequent to each calendar quarter end (amounts will be prorated based on a start date of this agreement on 5/6/13)

Please confirm your agreement of these bullets.

{¶5} Kaminsky confirmed the terms of the new employment contract in an email that provided, in relevant part, "I am excited to be staying with [New Horizons]. * * * Thanks again for keeping me."

{¶6} The parties did not discuss the AER contract that Kaminsky signed in 2007 during the negotiation of his new employment contract in 2013.

{¶7} In March 2015, appellant terminated Kaminsky's employment. Appellant contends that Kaminsky was laid off as part of a reduction in force ("RIF"). However, Kaminsky disputes the validity of the RIF, alleging that he was the only employee terminated.

{¶8} Kaminsky filed a lawsuit against appellant alleging (1) breach of contract, (2) promissory estoppel, (3) fraudulent inducement, (4) fraudulent misrepresentation, and (5) negligent misrepresentation.

{¶9} Appellant filed an answer raising numerous affirmative defenses and argued that Kaminsky failed to exhaust administrative remedies. Furthermore, based on the AER contract, appellant filed a motion for judgment on the pleadings or, in the alternative, a motion to stay proceedings and compel arbitration. Kaminsky opposed appellant's motions, arguing that (1) he was not bound by the AER because the parties did not renew the AER contract when they negotiated his new employment contract in 2013, and (2) the AER contract is unenforceable because it lacks sufficient consideration. Appellant filed a motion to stay discovery pending the motion for judgment on the pleadings and motion to stay proceedings and compel arbitration.

**{¶10}** The trial court denied appellant's motion for judgment on the pleadings, motion to stay proceedings and compel arbitration, and motion to stay discovery. Appellant contends that the trial court denied the motions "without opinion or explanation."

**{¶11}** Appellant filed the instant appeal assigning one error for review:

I. The trial court erred by refusing to enforce the valid arbitration agreement between the parties.

## II. Law and Analysis

### A. Standard of Review

**{¶12}** We initially note that when addressing a trial court's ruling on a motion to stay and compel arbitration, the appropriate standard of review depends on "the type of questions raised challenging the applicability of the arbitration provision." *McCaskey v. Sanford-Brown College*, 8th Dist. Cuyahoga No. 97261, 2012-Ohio-1543, ¶ 7. Generally, an abuse of discretion standard applies in limited circumstances, such as a determination that a party has waived its right to arbitrate a given dispute. *Id.*, citing *Milling Away, L.L.C. v. UGP Properties, L.L.C.*, 8th Dist. Cuyahoga No. 95751, 2011-Ohio-1103, ¶ 8. However, the issue of whether a party has agreed to submit an issue to arbitration or questions of unconscionability are reviewed under a de novo standard. *Hedeen v. Autos Direct Online, Inc.*, 2014-Ohio-4200, 19 N.E.3d 957, ¶ 9 (8th Dist.), citing *McCaskey* at ¶ 7-8, citing *Shumaker v. Saks, Inc.,* 163 Ohio App.3d 173, 2005-Ohio-4391, 837 N.E.2d 393 (8th Dist.); *see also Taylor Bldg. Corp. of Am. v. Benfield*, 117 Ohio St.3d 352, 2008-Ohio-938, 884 N.E.2d 12. "Under a de novo standard of review, we give no deference to a trial court's decision." *Hedeen* at ¶ 9, citing *Brownlee v. Cleveland Clinic Found.*, 8th Dist. Cuyahoga No. 97707, 2012-Ohio-2212, ¶ 9, citing *Akron v. Frazier*, 142 Ohio App.3d 718, 721, 756 N.E.2d 1258 (9th Dist.2001).

**B. AER Contract**

{¶13} It is undisputed that the parties in the instant matter are the same parties named in the AER contract. It is further undisputed that Kaminsky signed the AER contract in 2007. On April 3, 2007, Kaminsky acknowledged the terms of the AER contract, agreeing to pursue all legal claims against appellant through arbitration, by affixing his signature to the last page of the document.

{¶14} "Arbitration is a favored form of dispute settlement under Ohio law and federal law." *Fifth Third Bank v. Rowlette*, 10th Dist. Franklin No. 13AP-337, 2013-Ohio-5777, ¶ 7, citing *ABM Farms, Inc. v. Woods*, 81 Ohio St.3d 498, 500, 692 N.E.2d 574 (1998); *Preston v. Ferrer*, 552 U.S. 346, 353, 128 S.Ct. 978, 169 L.Ed.2d 917 (2008). Despite this general policy favoring arbitration, however, courts have recognized that arbitration is a matter of contract, and a party cannot be compelled to submit a dispute to arbitration unless he has agreed to do so. *Benjamin v. Pipoly*, 155 Ohio App.3d 171, 2003-Ohio-5666, 800 N.E.2d 50, ¶ 32 (10th Dist.), ("In Ohio, a party to an action generally cannot be required to arbitrate a dispute between itself and a second party unless the parties have previously agreed in writing to arbitration of those disputes"); *see also Council of Smaller Ents. v. Gates, McDonald & Co.*, 80 Ohio St.3d 661, 665, 687 N.E.2d 1352 (1998); *AT&T Technologies, Inc. v. Communications Workers of Am.*, 475 U.S. 643, 648-649, 106 S.Ct. 1415, 89 L.Ed.2d 648 (1986). The party seeking to compel arbitration bears the burden of establishing the existence of an enforceable arbitration agreement between the party against whom the moving party seeks enforcement.

{¶15} Ohio's strong public policy favoring arbitration is codified in Chapter 2711 of the Revised Code. *Westerfield v. Three Rivers Nursing & Rehab. Ctr., L.L.C.*, 2d Dist. Montgomery No. 25347, 2013-Ohio-512, ¶ 17. Under R.C. 2711.02(B), on application of one

of the parties, a trial court may stay litigation in favor of arbitration pursuant to a written arbitration agreement. *Taylor Bldg.*, 117 Ohio St.3d 352, 2008-Ohio-938, 884 N.E.2d 12, at ¶ 27. R.C. 2711.02(B) provides:

> If any action is brought upon any issue referable to arbitration under an agreement in writing for arbitration, the court in which the action is pending, upon being satisfied that the issue involved in the action is referable to arbitration under an agreement in writing for arbitration, shall on application of one of the parties stay the trial of the action until the arbitration of the issue has been had in accordance with the agreement, provided the applicant for the stay is not in default in proceeding with arbitration.

{¶16} In the instant matter, the parties dispute whether Kaminsky's new employment contract in 2013 nullified the AER contract.

{¶17} Appellant argues that Kaminsky's new employment contract, negotiated in 2013, did not invalidate the AER contract that Kaminsky signed in 2007. In support of its argument, appellant emphasizes the following facts: (1) the AER contract does not provide for expiration of its terms, (2) the AER contract does not state that it no longer applies when the terms of an employee's employment are modified, (3) the AER contract does not state that it no longer applies when an employee's status is changed from at will to contractual employment, and (4) in 2013, the parties simply modified the terms of Kaminsky's employment, and neither his employment nor the AER contract was terminated. Appellant further contends that even if Kaminsky's employment was terminated in 2013, the AER contract does not expire upon an employee's termination. Appellant emphasizes that because the AER contract has such a broad scope and encompasses any claim against appellant — including claims regarding termination

from employment — the contract survives both voluntary and involuntary termination of employment.

{¶18} Kaminsky argues that he was no longer bound by the AER contract when he and appellant negotiated a new employment contract in 2013. We agree.

{¶19} In support of his argument, Kaminsky emphasizes that (1) while his Confidentiality and Non-Competition Agreements were renewed, the AER contract was not renewed when he accepted appellant's new employment contract; (2) at the time of the 2013 negotiations, there was no mutual assent that he would be bound to the AER contract; and (3) the AER contract only applies to at-will employees.

{¶20} After reviewing the record, we find that the AER contract applies to both at-will and contractual employees, and that Kaminsky's argument that only at-will employees were bound by the AER contract is misplaced. The plain language of the AER contract unequivocally states that the "arbitration procedure is applicable to all [of appellant's] employees." While the AER contract does reference appellant's at-will employment policy, the contract does not state that it only applies to at-will employees.

{¶21} However, we find that Kaminsky's new employment contract, negotiated in 2013, abrogated the AER contract.

{¶22} With the issue of contract interpretation, the intent of the parties is paramount. *Sunoco, Inc. (R&M) v. Toledo Edison Co.*, 129 Ohio St.3d 397, 2011-Ohio-2720, 953 N.E.2d 285, ¶ 37. A court is to examine the contract as a whole and presume that the intent of the parties is reflected within the contract language itself. *Id.* When the terms in a contract are unambiguous, courts will not in effect create a new contract by finding an intent not expressed in the clear language employed by the parties. *Shifrin v. Forest City Ents., Inc.*, 64 Ohio St.3d

635, 638, 597 N.E.2d 499 (1992).

{¶23} The May 16, 2013 email is the only document in the record evidencing the terms of Kaminsky's employment contract. The plain, unambiguous language of the email provides (1) Kaminsky's three-year term of employment, (2) his salary and bonuses, and (3) the renewal of his Confidentiality and Non-Competition Agreements. The email's language neither incorporates nor renews the AER contract. Furthermore, the intention of the parties to invalidate the AER contract is evidenced by the explicit renewal of the Confidentiality and Non-Competition Agreements. It is undisputed that the AER contract, Confidentiality Agreement, and Non-Competition Agreement are separate and distinct from the employment contract. Although the email explicitly renewed Kaminsky's Confidentiality and Non-Competition Agreements, it did not renew his AER contract. Thus, we find that Kaminsky's employment contract abrogated the AER contract.

{¶24} Accordingly, we find that Kaminsky's 2013 employment contract abrogated the AER contract because it neither renewed nor incorporated the AER contract as one of the employment contract's terms. Thus, the trial court properly denied appellant's motions for judgment on the pleadings or in the alternative to stay proceedings and compel arbitration.

{¶25} Appellant's sole assignment of error is overruled.

### III. Conclusion

{¶26} The primary issue in the instant matter is whether Kaminsky's new employment contract invalidated the AER contract that he signed in 2007. The May 16, 2013 email is the only document in the record reflecting the terms of Kaminsky's employment contract. The email neither states that the AER contract is a term of Kaminsky's employment nor explicitly renews the AER contract. However, the email does explicitly state that Kaminsky's

Confidentiality and Non-Competition Agreements — that are separate and distinct from the employment contract — are renewed under his employment contract. Thus, because the AER contract was neither incorporated nor renewed in Kaminsky's employment contract, we find that the employment contract invalidated the AER contract.

{¶27} Accordingly, appellant's sole assignment of error is overruled, and the trial court's judgment is affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
FRANK D. CELEBREZZE, JR., JUDGE

EILEEN T. GALLAGHER, P.J., and
ANITA LASTER MAYS, J., CONCUR