[Cite as *DiFranco v. Licht*, 2019-Ohio-4894.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

BENEDICT DIFRANCO,                    :

    Plaintiff-Appellant,          :

                             No. 108387

    v.                            :

CHRISTOPHER LICHT, ET AL.,            :

    Defendants-Appellees.         :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** November 27, 2019

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-18-902655

---

### *Appearances:*

Patrick D. Quinn and Ronald A. Annotico, *for appellant*.

Dworken & Bernstein Co., L.P.A., Grant J. Keating, Jo A. Tatarko, and Jodi L. Tomaszewski, *for appellees*.

KATHLEEN ANN KEOUGH, J.:

{¶ 1} This appeal is before the court on the accelerated docket pursuant to App.R. 11.1 and Loc.App.R. 11.1. The purpose of an accelerated appeal is to allow this court to render a brief and conclusory opinion. *State v. Priest*, 8th Dist. Cuyahoga No. 100614, 2014-Ohio-1735, ¶ 1.

{¶ 2} Plaintiff-appellant, Benedict DiFranco ("DiFranco"), appeals from the trial court's judgment granting the motion of defendants-appellees, Christopher Licht, CBRestaurants, L.L.C., Piccolo Restaurant, L.L.C., Joanne Laurie-O'Brien, Robert O'Brien, and Edward Licht (collectively "appellees"), to stay the case and compel arbitration. For the reasons that follow, we reverse and remand with instructions for the trial court to hold a hearing regarding appellees' motion to compel arbitration.

{¶ 3} DiFranco filed a four-count complaint for breach of contract, breach of fiduciary duty, declaratory judgment, and unjust enrichment. Appellees never filed an answer to the complaint, but filed a motion to stay litigation and compel arbitration. DiFranco filed a brief in opposition to appellees' motion, asserting that the alleged arbitration agreement was unenforceable because it is vague and ambiguous, calls for non-binding arbitration, and is an unenforceable "agreement to agree." DiFranco argued further that even if the arbitration agreement were enforceable, it would apply only to his claims related to CBRestaurants and not to his claims regarding Piccolo Restaurant because those claims arose from an oral agreement, and there is no written arbitration provision applicable to DiFranco's claims against Piccolo Restaurant.

{¶ 4} The trial court subsequently issued a journal entry granting appellees' motion and staying proceedings in the case. DiFranco then filed a motion asking the court to reactivate the case with respect to his claims against Piccolo Restaurant only. The trial court denied the motion, and this appeal followed.

{¶ 5} In his first assignment of error, DiFranco contends that the trial court erred in ordering a stay of the case and compelling arbitration with respect to his claims against Piccolo Restaurant, and then in denying his motion to reactivate the case with respect to Piccolo Restaurant only. In his second assignment of error, DiFranco contends that the trial court erred in staying the case and compelling arbitration with respect to his claims regarding CBRestaurants. In his third assignment of error, DiFranco contends that the trial court erred in granting appellees' motion to stay litigation and compel arbitration because it did not hold a hearing on the motion. DiFranco's third assignment of error is dispositive of his appeal.

{¶ 6} Chapter 2711 of the Ohio Revised Code authorizes direct enforcement of arbitration agreements through an order to compel arbitration under R.C. 2711.03, and indirect enforcement of such agreements pursuant to an order staying trial court proceedings under R.C. 2711.02. *Maestle v. Best Buy Co.*, 100 Ohio St.3d 330, 2003-Ohio-6465, 800 N.E.2d 7. In *Maestle,* the Ohio Supreme Court noted that a motion to compel arbitration and a motion to stay proceedings are separate and distinct procedures that serve different purposes. *Id.* at ¶ 17. A party may choose to move for a stay, petition for an order to compel arbitration, or seek both. *Id.* at ¶ 18.

{¶ 7} The *Maestle* court held that a trial court is not required to conduct a hearing when a party moves for a stay pursuant to R.C. 2711.02, but may stay proceedings "upon being satisfied that the issue involved in the action is referrable

to arbitration under an agreement in writing for arbitration." *Id.* at ¶ 19; R.C. 2711.02.

{¶ 8} The *Maestle* court noted further that "R.C. 2711.03 applies where there has been a petition for an order to compel the parties to proceed to arbitration." *Id.* at ¶ 15. R.C. 2711.03(A) provides that a party

> may petition * * * for an order directing that the arbitration proceed in the manner provided for in the written agreement. * * * The court shall hear the parties, and, upon being satisfied that the making of the agreement for arbitration or the failure to comply with the agreement is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the agreement.

{¶ 9} Under R.C. 2711.03(B),

> [i]f the making of the arbitration agreement or the failure to perform it is in issue * * *, the court shall proceed summarily to the trial of that issue. If no jury trial is demanded as provided in this section, the court shall hear and determine that issue.

{¶ 10} Accordingly, as this court has consistently held, pursuant to R.C. 2711.03, where a party has filed a motion to compel arbitration and the opposing party has challenged the validity of the provision, the court must, in a hearing, make a determination as to the validity of the arbitration clause. *Marks v. Morgan Stanley Dean Witter Commercial Fin. Servs.*, 8th Dist. Cuyahoga No. 88948, 2008-Ohio-1820, ¶ 21; *Post v. ProCare Automotive Serv. Solutions*, 8th Dist. Cuyahoga No. 87646, 2007-Ohio-2106, ¶ 29; *Benson v. Spitzer Mgt., Inc.*, 8th Dist. Cuyahoga No. 83558, 2004-Ohio-4751, ¶ 19; *McDonough v. Thompson*, 8th Dist. Cuyahoga No. 82222, 2003-Ohio-4655, ¶ 11.

{¶ 11} Appellees contend that no hearing was necessary because "in this case, appellees only sought a stay of proceedings pursuant to R.C. 2711.02." (Appellees' brief, p. 6.) This assertion is not true. Appellees' motion was captioned "motion to stay litigation and *compel arbitration*." The motion stated that appellees "move this court for an order staying this litigation and *compelling Benedict DiFranco* (hereinafter "Plaintiff") *to arbitrate his claims* in accordance with the written agreement between the parties." Likewise, the brief in support of appellees' motion argued that "because the validity of the agreement is not at issue, the court should *compel plaintiff to arbitrate* their [sic] claims against defendants." Further, appellees' brief stated that "[b]ased on the foregoing, defendants respectfully request that the court grant defendants' motion to stay the litigation and *compel arbitration* in accordance with the mandatory arbitration provision contained in the agreement." (Emphasis added in all quotations.)

{¶ 12} It is apparent that appellees filed a joint motion to stay proceedings and compel arbitration. Accordingly, the trial court was required under R.C. 2711.03 to conduct a hearing regarding the enforceability of the arbitration provision. We find nothing in the record demonstrating that the trial court held such a hearing, nor that there was discovery or evidence before the trial court for it to adequately determine if the arbitration clause applies.

{¶ 13} Accordingly, we sustain the third assignment of error. The trial court's judgment is reversed, and the matter is remanded with instructions for the trial court to conduct a hearing regarding appellees' motion to compel arbitration.

Although we make no conclusion regarding the enforceability of the arbitration agreement, we note that should the trial court determine after a hearing that the agreement is enforceable, the court's judgment entry should clearly indicate its findings and the evidence it relied upon, as well as whether the agreement applies to all of DiFranco's claims, or only to those regarding CBRestaurants.

**{¶ 14}** In light of our resolution of the third assignment of error, the first and second assignments of error are rendered moot and we need not consider them. App.R. 12(A)(1)(c).

**{¶ 15}** Judgment reversed and remanded.

It is ordered that appellant recover from appellees costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KATHLEEN ANN KEOUGH, JUDGE

MARY J. BOYLE, P J., and
RAYMOND C. HEADEN, J., CONCUR