[Cite as *Dilley v. Davis Auto Group, Inc.*, 2025-Ohio-432.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## GEAUGA COUNTY

| | |
|---|---|
| WILLIAM DILLEY, | **CASE NO. 2024-G-0034** |
| Plaintiff-Appellant, | |
| - vs - | Civil Appeal from the Court of Common Pleas |
| DAVIS AUTO GROUP, INC., d.b.a. BMW CLEVELAND, et al., | Trial Court No. 2024 P 000210 |
| Defendants-Appellees. | |

**O P I N I O N**

Decided: February 10, 2025
Judgment: Affirmed

*William Dilley*, pro se, 11720 Regent Park Drive, Chardon, OH 44024 (Plaintiff-Appellant).

*Sean T. Koran* and *Talia E. Sukol*, Sonkin & Koberna, LLC, 3401 Enterprise Parkway, Suite 400, Cleveland, OH 44122 (For Defendant-Appellee, Davis Auto Group, Inc., d.b.a. BMW Cleveland).

*James W. Sandy* and *Kevin A. Buryanek*, McGlinchey Stafford, PLLC, 3401 Tuttle Road, Suite 200, Cleveland, OH 44122 (For Defendant-Appellee, BMW Financial Services, NA, LLC).

ROBERT J. PATTON, P.J.

{¶1} Appellant, William Dilley ("Dilley"), pro se, appeals the judgment of the Geauga County Court of Common Pleas, denying his request to amend his complaint, granting the motions to compel of appellees, Davis Automotive Group, Inc. ("Davis") and BMW Financial Services, NA, LLC ("BMW Financial Services"), and dismissing Dilley's case. For the following reasons, we affirm the trial court's decision.

{¶2}    This case arose from a dispute between Dilley and Davis over the purchase of a used BMW X3 M40I (the "Vehicle"). Dilley purchased the Vehicle from Davis on October 9, 2023, and signed an installment contract (the "Contract") memorializing the purchase and sale. The Contract contained an arbitration clause requiring any dispute be resolved before the American Arbitration Association.

{¶3}    When driving home in the dark, Dilley had difficulty looking out the windows while driving. Dilley used an app on his cellphone to measure the tint on his vehicle and discovered that the tint of the windows exceeded the allowable limit permitted by statute. Based on this knowledge, on March 15, 2024, Dilley filed a complaint in the Geauga County Court of Common Pleas requesting that the trial court rescind the contract alleging that the contract is void due to a violation of R.C. 4513.241(E)(1).

{¶4}    On April 26, 2024, Davis filed a motion to dismiss, or in the alternative, a motion to stay and compel arbitration. On April 29, 2024, Dilley filed an opposition to the motion to dismiss and moved for summary judgment. On May 23, 2024, BMW Financial Services filed a motion to hold Dilley's motion for summary judgment in abeyance. On May 28, 2024, Dilley filed an opposition to BMW Financial Services' motions. On June 13, 2024, Dilley filed a motion to amend his complaint. On July 8, 2024, the trial court entered a judgment entry denying Dilley's request to amend his complaint, compelling arbitration, and granting both Davis's and BMW Financial Services' motions to dismiss.

{¶5}    Dilley now timely raises two assignments of error. Within Dilley's two assignments of error, he asserts multiple errors summarized below. Dilley's first assignment of error asserts the following:

{¶6}    1. The trial court erred in closing the case on June 3, 2024, noting "other termination" on the docket although no decision had yet been rendered, and no hearing had been held. The trial court erred in denying Dilley's motion requesting leave of court to amend the complaint for the purpose of reopening his case.

{¶7}    Dilley's second assignment of error raises the following:

{¶8}    2. The trial court erred in not deciding the case on the merits, granting Davis and BMW Financial Services' motions to compel arbitration

## Termination on the Trial Court Docket

{¶9}    Dilley asserts that he was prejudiced by the termination of his case as noted on the docket in an entry stating under disposition, "other terminations" and dated June 3, 2024. Another entry under disposition reads the same and is dated July 10, 2024. A review of the record indicates that while a notation of "other terminations" can be found on the docket dated June 3, 2024, no judgment entry was filed on or near that day disposing of the case. The case was ultimately disposed with the judgment entry filed on July 8, 2024.

## Denial of Request to Amend Complaint

{¶10}   Appellate courts apply an abuse of discretion standard when reviewing a trial court's decision on a motion for leave to file an amended pleading. *See Freeman v. Durrani*, 2019-Ohio-3643, ¶ 26 (1st Dist.); *Radio Parts Co. v. Invacare Corp.*, 2008-Ohio-4777, ¶ 9 (9th Dist.); *Lottridge v. Gahanna-Creekside Invests., L.L.C.*, 2015-Ohio-2168, ¶ 31 (10th Dist.). "An appellate court will not determine that the trial court has abused its discretion, unless the movant has made a '*prima facie* showing of support for the new matters sought to be pleaded.'" (Emphasis in original.) *Sabin v. Ansorge*, 2000 WL

3

1774141, *2 (11th Dist. Dec. 1, 2000), quoting *Wilmington Steel Products, Inc. v. Cleveland Elec. Illuminating Co.*, 60 Ohio St.3d 120, 122 (1991).

**{¶11}** This Court recently noted:

> Civ.R. 15 allows a party to amend its pleading once within 28 days after serving it. Civ.R. 15(A). If a party wishes to amend their pleading after that time or more than once, they may only do so with the other parties' written consent or the court's leave. *Id*. 'The court shall freely give leave when justice so requires.' *Id.* 'Although Civ.R. 15(A) allows for "liberal amendment," such motions are properly denied "if there is a showing of bad faith, undue delay, or undue prejudice to the opposing party." *Shamrock v. Cobra Resources, LLC,* 11th Dist. Trumbull Nos. 2020-T-0075 and 2020-T-0076, 2022-Ohio-1998, ¶ 51, quoting *Turner v. Cent. Local School Dist.*, 85 Ohio St.3d 95, 99 (1999). Additionally, '[a] motion for leave to amend may be denied when the proposed amendment would be futile.' *State ex rel. McDougald v. Greene*, 160 Ohio St.3d 82, 2020-Ohio-2782, ¶ 14, citing *State ex rel. Leneghan v. Husted*, 154 Ohio St.3d 60, 2018-Ohio-3361, ¶ 2 . . ..

*Briggs v. Link*, 2022-Ohio-4249, ¶ 13 (11th Dist.).

**{¶12}** A review of the record reveals that Dilley's request for leave to amend his complaint did not set forth any changes to be made to his initial complaint. The trial court determined that allowing Dilley to amend his complaint would subject the other parties to additional time and expense to brief the same issues already brought forth in Dilley's initial complaint. Dkt. 54, Judgment Entry denying Dilley's leave to amend complaint, p. 2. Accordingly, the trial court did not abuse its discretion when it denied Dilley's request for leave to amend his complaint.

4

**Judgment Entry Issued Without Hearing**

{¶13} Dilley contends that the trial court improperly issued a judgment entry compelling arbitration and denying Dilley's motion for summary judgment without conducting a hearing.

{¶14} Geauga County Court of Common Pleas General Division Local Rule 7(B)(1) states: "In general, motions are ruled on without oral hearings. . .."

{¶15} R.C. 2711.03(A) requires that where a motion to compel arbitration is filed a hearing must be held to determine whether the validity of the arbitration agreement or failure to comply with the agreement. However, the hearing can be in the form of written submissions and is not required to be oral. *See Barnes v. Andover Village Retirement Community, Ltd.*, 2007-Ohio-4112 (11th Dist.).

{¶16} "While a party's request for an oral hearing shall be granted pursuant to R.C. 2711.03, an oral hearing is not mandatory absent a request." *Liese v. Kent State University*, 2004-Ohio-5322, ¶ 43 (11th Dist.). *See also Chrysler Fin. Servs. v. Henderson*, 2011-Ohio-6813 (4th Dist.).

{¶17} Here, no request for an oral hearing was made. Further, Dilley moved for summary judgment. "By filing his own motion for summary judgment, appellant effectively waived his right to an oral hearing and consented to the court's disposal of the issue on summary judgment." *Leise* at ¶ 44. Dilley, Davis, and BMW Financial Services were all afforded an opportunity to brief the issues. Dilley filed a complaint, to which Davis and BMW Financial Services both responded with motions to stay, motions to compel arbitration, and Dilley filed motions in opposition to those motions. An oral hearing was not required because all parties were heard through their submissions.

5

Case No. 2024-G-0034

**{¶18}** Accordingly, Dilley's first assignment of error is without merit.

## Decision to Compel Arbitration

**{¶19}** "The applicable standard of review for a trial court's ruling on a motion to stay and compel arbitration depends on 'the type of questions raised challenging the applicability of the arbitration provision.'" *Wisniewski v. Marek Builders, Inc.*, 2017-Ohio-1035, ¶ 5 (8th Dist.), citing *Kaminsky v. New Horizons Computer Learning Ctr. Of Cleveland*, 2016-Ohio-1468, ¶ 12 (8th Dist.). "The issue of whether a party has agreed to submit an issue to arbitration or questions of unconscionability are reviewed under a de novo standard." *Id.*, citing *McCaskey v. Sanford-Brown College*, 2012-Ohio-1543, ¶ 7-8 (8th Dist.). As such, we review Dilley's second assignment of error under an abuse of discretion standard, and a de novo standard in reviewing for unconscionability or whether the parties have agreed to submit to arbitration.

**{¶20}** Public policy encourages resolution of disputes through arbitration. *See ABM Farms, Inc. v. Woods*, 1998-Ohio-612. "[U]nder R.C. 2711.03(A), a party to an arbitration agreement may seek an order directing another party to proceed to arbitration. In fact, a trial court may try the action only when either the making of the arbitration clause or the failure to abide by its terms is at issue. R.C. 2711.03(B)." *Lou Carbone Plumbing, Inc. v. Domestic Linen Supply & Laundry*, 2002-Ohio-7169, ¶ 6 (11th Dist.). "An arbitration clause essentially is a contract within a contract and is valid, enforceable, irrevocable, and enforceable unless otherwise determined on its own merits. R.C. 2711.01. Because the arbitration clause in a contract is separate, an alleged failure of the contract in which it is contained does not affect the clause's validity. *ABM Farms* at 502, 692 N.E. 2d 574. The arbitration clause, if enforceable, 'remains as the vehicle which the legitimacy of the

6

remainder of the contract is decided.' *Id." Id.* at ¶ 7. In other words, the invalidity of the contract containing the arbitration clause does not on its own invalidate the arbitration clause.

{¶21} In the present case, Dilley does not argue the validity of the arbitration clause. Dilley instead contests the validity of the contract in which the arbitration clause is contained. Dilley contends that the contract is void because the Vehicle sold to him has a tint that is in violation of the levels of tint permitted by statute. The record shows that Dilley signed an executed arbitration agreement that states:

> Either you or I may choose to have any dispute between us decided by arbitration and not in a court or jury trial. . . . 'Claim' broadly means any claim, dispute or controversy . . . which arises out of or relates to my credit application, the sale, purchase, lease or condition of the Vehicle, this Contract, or any resulting transaction or relationship (including any such relationship with third parties who do not sign this Contract). Any Claim shall, at your or my election, be resolved by neutral, binding arbitration and not by a court action. . . . By signing below, I agree to all the terms of this Contract. I also acknowledge and agree to the Arbitration Clause in this Contract.

{¶22} Dilley did not dispute the validity of the arbitration agreement, only the validity of the contract, an issue which the parties expressly agreed arbitrate. *ABM Farms, Inc.* at 502. Accordingly, the trial court did not abuse its discretion when it granted Davis's and BMW Financial Services' motions to compel arbitration.

{¶23} Dilley's second assignment of error is without merit.

7

{¶24} For the foregoing reasons, the decision of the Geauga County Court of Common Pleas is affirmed.

MATT LYNCH, J.,

JOHN J. EKLUND, J.,

concur.