[Cite as *Gardner v. Dinallo & Wittup Homes, Inc.*, 2025-Ohio-1899.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## GEAUGA COUNTY

| | |
|---|---|
| MICHAEL GARDNER, et al., | **CASE NO. 2024-G-0041** |
| Plaintiffs-Appellants, | |
| - vs - | Civil Appeal from the Court of Common Pleas |
| DINALLO & WITTRUP HOMES, INC., | Trial Court No. 2024 M 000369 |
| Defendant-Appellee. | |

## OPINION AND JUDGMENT ENTRY

Decided: May 27, 2025
Judgment: Reversed and remanded

*Daniel J. Myers*, Myers Law, LLC, 600 East Granger Road, Second Floor, Cleveland, OH 44131 (For Plaintiffs-Appellants).

*Benjamin D. Carnahan*, Dinsmore & Shohl, LLP, 1001 Lakeside Avenue, Suite 990, Cleveland, OH 44114, and *Micaela M. Taylor*, Dinsmore & Shohl, LLP, 191 West Nationwide Boulevard, Suite 200, Columbus, OH 43215 (For Defendant-Appellee).

SCOTT LYNCH, J.

{¶1} Plaintiffs-appellants, Michael and Kara Gardner, appeal from the judgment of the Geauga County Court of Common Pleas, granting defendant-appellee, Dinallo & Wittrup Homes, Inc.'s, request to compel arbitration and stay proceedings pending arbitration. Under R.C. 2711.03, the Gardners were entitled to an oral hearing on Dinallo's request to compel arbitration. Accordingly, we reverse the judgment of the lower court and remand for further proceedings consistent with this opinion.

{¶2} On May 31, 2024, the Gardners filed a complaint against Dinallo. The complaint raised claims for violations of the Ohio Home Construction Service Suppliers

Act and breach of contract. Pursuant to the complaint, the Gardners entered an agreement with Dinallo to build a new home at a cost of $726,000. They alleged that several items in the construction process were improperly completed or suffered from poor workmanship. The complaint contended that the Gardners have "attempted to address these issues with Defendant for over a year" but the concerns were unresolved.

{¶3} On August 1, 2024, Dinallo filed an answer. On the same date, it filed a "motion for an order compelling arbitration and staying this action." It argued that the matter must be stayed pending arbitration due to the existence of an arbitration clause in the parties' Construction Agreement. The clause stated the following:

> DISPUTE RESOLUTION. If a dispute arises under this Agreement or under any document at the Closing of the purchase of the Property described herein, such dispute shall be subject to and decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association currently in effect unless the parties mutually agree otherwise. Demand for arbitration shall be filed, within a reasonable time after the dispute has arisen, in writing with the other party to this Agreement and with the American Arbitration Association. . . . The award rendered by the arbitrator or arbitrators shall be final, and judgment may be entered upon it in accordance with applicable law in any court having jurisdiction thereof.

{¶4} The Gardners filed a brief in opposition on August 23, 2024, contending that the trial court should either deny the motion or hold it in abeyance pending "limited discovery" and a trial on the existence and enforceability of an arbitration clause. It contended, inter alia, that Dinallo waived the right to arbitrate and that the arbitration provision was unconscionable and violates Ohio law.

{¶5} The court issued a judgment entry on September 13, 2024, stating that it had reviewed the "pleadings and relevant evidence," granting the motion "in its entirety," and ordering that the proceedings be stayed and the matter referred to arbitration.

{¶6}   The Gardners timely appeal and raise the following assignments of error:

{¶7}   "[1.] The trial court committed reversible error when it granted defendant-appellee's motion to compel arbitration and staying the action, in total.

{¶8}   "[2.] The trial court committed reversible error when it failed or refused to allow limited discovery on the existence, validity, enforceability, and waiver of the arbitration clause."

{¶9}   In their assignments of error, the Gardners raise several issues relating to the trial court's grant of the motion to compel arbitration.

{¶10}  "Ohio public policy favors arbitration and, therefore, such provisions are ordinarily considered valid and enforceable." *Alkenbrack v. Green Tree Servicing, L.L.C.*, 2009-Ohio-6512, ¶ 14 (11th Dist.).  "[A]n arbitration provision must be enforced unless it is not susceptible of an interpretation that covers the asserted dispute, with any doubt being resolved in favor of arbitration."  *Id.*, citing *Academy of Medicine of Cincinnati v. Aetna Health, Inc.*, 2006-Ohio-657, ¶ 14.

{¶11}  "The applicable standard of review for a trial court's ruling on a motion to stay and compel arbitration depends on 'the type of questions raised challenging the applicability of the arbitration provision.'"  (Citation omitted.)  *Dilley v. Davis Auto Group, Inc.*, 2025-Ohio-432, ¶ 19 (11th Dist.).  "Generally, the standard of review for a decision granting or denying a motion to stay proceedings pending arbitration is abuse of discretion."  *Paradie v. Turning Point Builders, Inc.*, 2021-Ohio-2178, ¶ 10 (11th Dist.), citing *Naylor Family Partnership v. Home S. & L. Co. of Youngstown*, 2014-Ohio-2704, ¶ 13 (11th Dist.).  "However, a de novo standard of review is used when a trial court's grant or denial of a stay is based solely upon questions of law."  *Id.*

**{¶12}** For ease of discussion, we will first address the Gardners' second assignment of error. The Gardners argue that they were denied the right to address issues of arbitrability through discovery and a hearing or a trial on the issue. To determine whether a hearing or trial was required in this matter, it is first necessary to briefly discuss the method under which Dinallo sought that the matter be arbitrated. Since the right to an oral hearing is only implicated when there is a request to compel arbitration, we must determine whether Dinallo sought a stay pending arbitration or an order of the court compelling arbitration.

**{¶13}** "'A party seeking to enforce an arbitration provision may choose to move for a stay of proceedings under R.C. 2711.02, or to petition for an order to compel the parties to proceed to arbitration under R.C. 2711.03, or to seek orders under both statutes.'" (Emphasis omitted.) *Duff v. Christopher*, 2023-Ohio-349, ¶ 22 (11th Dist.), citing *Benson v. Spitzer Mgt., Inc.*, 2004-Ohio-4751, ¶ 19 (8th Dist.).

**{¶14}** The Ohio Supreme Court has held the two statutes "are separate and distinct provisions and serve different purposes." *Maestle v. Best Buy Co.*, 2003-Ohio-6465, ¶ 17. R.C. 2711.02(B) provides that if an action is referable to arbitration under a written agreement by the parties, "the court in which the action is pending, upon being satisfied that the issue involved in the action is referable to arbitration under an agreement in writing for arbitration, shall on application of one of the parties stay the trial of the action until the arbitration of the issue has been had in accordance with the agreement." R.C. 2711.03(A) provides that a "party aggrieved by the alleged failure of another to perform under a written agreement for arbitration may petition any court of common pleas having jurisdiction . . . for an order directing that the arbitration proceed in the manner provided

for in the written agreement."  Where a party requests a motion to compel arbitration under R.C. 2711.03, "[t]he court shall hear the parties, and, upon being satisfied that the making of the agreement for arbitration or the failure to comply with the agreement is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the agreement."  *Id.*

{¶15}  A significant distinction between the two statutes lies in the procedure to be followed in the trial court.  "[A] trial court considering whether to grant a motion to stay proceedings pending arbitration filed under R.C. 2711.02 need not hold a hearing pursuant to R.C. 2711.03 when the motion is not based on R.C. 2711.03."  *Maestle* at ¶ 19.  In contrast, generally, where a request to compel arbitration has been filed under R.C. 2711.03, "a hearing is required, since the statute directs that the court 'shall hear the parties.'"  *Duff* at ¶ 22; *Dilley,* 2025-Ohio-432, at ¶ 15 (11th Dist.) ("R.C. 2711.03(A) requires that where a motion to compel arbitration is filed a hearing must be held to determine . . . the validity of the arbitration agreement or failure to comply with the agreement").

{¶16}  Dinallo sought arbitration under both R.C. 2711.02 and .03.  It filed a "motion for an order compelling arbitration and staying this action."  The motion requested the following: an "order compelling arbitration of [plaintiffs'] claims and dismissing the instant action"; an "order compelling arbitration and staying this action"; and that the trial court "give effect to the arbitration provision of the Agreement, stay this action, and refer all issues concerning the dispute for arbitration under the American Arbitration Association."  R.C. 2711.03 applies when a party requests the court "for an order directing that the arbitration proceed in the manner provided for in the written agreement."  The motion

requested that the court give effect to the arbitration provision and repeated multiple times a request to compel arbitration. Motions requesting that a party be compelled to arbitrate a claim are requests for relief under R.C. 2711.03. *See Robie v. Maxill, Inc.*, 2021-Ohio-2644, ¶ 37 (11th Dist.) ("R.C. 2711.03 provides for direct enforcement of arbitration agreements through an order to compel arbitration"); *DiFranco v. Licht*, 2019-Ohio-4894, ¶ 11 (8th Dist.) (where a party filed a "motion to stay litigation and compel arbitration" and requested that the court compel the plaintiff to arbitrate his claim in accordance with their agreement, it requested relief under both R.C. 2711.02 and .03). When a party moves for both a stay pending arbitration and to compel arbitration, R.C. 2711.03's hearing requirement applies. *Barnes v. Andover Village Retirement Community, Ltd.*, 2007-Ohio-4112, ¶ 9, 29 (11th Dist.); *Snyder v. Old World Classics, LLC*, 2023-Ohio-4019, ¶ 5, 10 (9th Dist.); *DiFranco* at ¶ 12.

{¶17} Concluding that Dinallo filed a request to compel arbitration under R.C. 2711.03, it is next necessary to determine whether the court satisfied the requirement to hold a hearing as outlined above. In addressing the Gardners' argument that the lower court "failed to conduct an oral hearing or jury trial," we briefly review the process for proceeding under the statute.

{¶18} "R.C. 2711.03 . . . provides for a two-step procedure when a party moves for an order to compel arbitration. Upon the filing of such motion, the court must conduct a hearing. If, following the hearing, the court is satisfied that the making of the agreement or the failure to comply with the agreement is not in issue, the court is required to enter an order directing the parties to proceed with arbitration." *Barnes* at ¶ 23. "However, if either the making of the agreement or the failure to perform under it is in issue, the court

is required to summarily try that issue either in a bench trial or, if either of the parties has timely requested a jury trial on that issue, a jury trial." *Id.* at ¶ 24.

{¶19} The lower court did not hold an oral hearing to determine whether the making of the agreement or the failure to comply was at issue. Apparently finding they were not at issue, it granted the request to compel and did not proceed to try the issue. Thus, while the Gardners argue that the court erred in not holding a trial, prior to proceeding to that step, it must first hold a hearing to determine whether such trial is necessary. However, the court did not hold an oral hearing on that issue, instead reaching its determinations on the motion and response. We find that an oral hearing was required.

{¶20} As explained above, it has been consistently held that a hearing is required when an order to compel arbitration is sought under R.C. 2711.03. This court has addressed what constitutes a valid hearing. In *Dilley*, 2025-Ohio-432 (11th Dist.), we observed that "the hearing can be in the form of written submissions and is not required to be oral." *Id.* at ¶ 15. However, this is not the case where a party requests an oral hearing. This court has held that an "oral hearing is not mandatory absent a request" but "a party's request for an oral hearing shall be granted pursuant to R.C. 2711.03." *Liese v. Kent State Univ.*, 2004-Ohio-5322, ¶ 43 (11th Dist.); *Dilley* at ¶ 16. The failure to grant an oral hearing has been found to be grounds for reversal to conduct such hearing. *Eric Petroleum Corp. v. Ascent Resources-Utica, LLC*, 2022-Ohio-3619, ¶ 37 (7th Dist.); *Lee v. Bath Manor Ltd. Partnership*, 2023-Ohio-816, ¶ 11 (8th Dist.).

{¶21} In the present matter, the Gardners indicated their desire to be heard in an oral proceeding relating to whether the validity of the arbitration agreement was at issue. Their brief in opposition to the motion to compel stated: "In order to better present

Case No. 2024-G-0041

evidence of unconscionability, waiver, and ambiguity to the Court, Plaintiffs respectfully request an opportunity for discovery limited to the creation, meaning, enforceability, and validity of the arbitration clause, the circumstances surrounding its execution and drafting, and a jury trial on the issues permitted by R.C. 2711.03." It also asserted that there were "question[s] of fact" relating to the application of the arbitration clause which necessitated "allow[ing] a jury to determine these issues of fact after discovery and presentation of evidence." Requesting a jury trial went beyond a mere desire for an oral hearing. Implicit in the request for a trial was a request to be orally heard on this issue by the trial court, the first step under R.C. 2711.03, so that the matter could proceed with the second step, a trial. They indicated a desire to be heard beyond written submissions.

{¶22} The conduct of the Gardners was consistent with parties seeking to be orally heard under R.C. 2711.03 rather than those who failed to exercise such a right and instead are entitled to be heard only through written filings. In *Reznik v. OH Canon Constr., L.L.C.*, 2019-Ohio-1350 (8th Dist.), for example, the appellate court reversed when the trial court failed to hold a hearing on a motion to compel arbitration despite appellant's request for discovery and a jury trial, emphasizing the lack of discovery or evidence before the court to determine the issues of the validity of the arbitration agreement. *Id.* at ¶ 18-19. The present matter is dissimilar to other cases where reversal did not occur, such as *Dilley*, *supra*. In *Dilley*, the appellant moved for summary judgment, thereby waiving the right to an oral hearing and consenting to disposal of the issue through summary judgment filings. Further, no request for an oral hearing was made. *Id.* at ¶ 17. The Gardners indicated their desire to be heard orally on this matter and collect additional evidence through discovery. The trial court failed to acknowledge this request

or allow the Gardners to, at a minimum, have an oral hearing before the court.

{¶23} While Dinallo argues that there was not a legitimate dispute as to the validity and enforceability of the arbitration clause such that the matter did not need to proceed to trial, this does not absolve the trial court of the requirement to conduct an oral hearing under R.C. 2711.03 to make such determination.

{¶24} For these reasons, we remand with instructions to the trial court to hold a hearing consistent with R.C. 2711.03.

{¶25} The second assignment of error is with merit.

{¶26} In their first assignment of error, the Gardners initially assert that Dinallo waived the right to arbitration by failing to raise it as an affirmative defense and filing an answer before a motion to arbitrate. Although we reverse under the second assignment for a hearing and thereby reverse the trial court's decision that a stay must be granted and arbitration compelled, we will address this issue since it would render such proceeding unnecessary.

{¶27} The issue of whether the right to arbitration has been waived is reviewed under an abuse of discretion standard. *Paradie*, 2021-Ohio-2178, at ¶ 10 (11th Dist.).

{¶28} "It is well-established that the right to arbitration can be waived." (Citation omitted.) *Naylor*, 2014-Ohio-2704, at ¶ 18 (11th Dist.). To prove waiver, the opposing party is required to demonstrate "(1) that the party waiving the right knew of the existing right of arbitration and (2) that the party acted inconsistently with that right." *Id.* "It has been held waiver should not be 'lightly inferred.'" (Citation omitted.) *Paradie* at ¶ 13.

{¶29} To evaluate whether a party acted inconsistently with the right to arbitrate, we have applied the totality of the circumstances test set forth in *Harsco Corp. v. Crane*

*Carrier Co.*, 122 Ohio App.3d 406, 415 (3d Dist. 1997). *Paradie* at ¶ 14; *Alkenbrack,* 2009-Ohio-6512, at ¶ 26 (11th Dist.). Circumstances that may be considered to determine whether a party acted inconsistently with his right to arbitrate include: "(1) any delay in the requesting party's demand to arbitrate by filing a motion to stay the proceedings pending arbitration; (2) the extent of the requesting party's participation in the litigation prior to its filing a motion to stay the proceeding, including a determination of the status of discovery, dispositive motions, and the trial date; (3) whether the requesting party invoked the jurisdiction of the court by filing a counterclaim or third-party complaint without asking for a stay of the proceedings pending arbitration; and (4) whether the non-requesting party has been prejudiced by the requesting party's inconsistent acts." (Citation omitted.) *Paradie* at ¶ 14.

{¶30} The Gardners filed their complaint on May 31, 2024. On July 1, 2024, the parties filed a joint motion seeking an extension for Dinallo to respond to the complaint. Dinallo filed an answer on August 1 at 1:15 p.m. and its motion requesting a stay pending arbitration and to compel arbitration was filed on August 1 at 1:51 p.m. At the time it filed the request for arbitration, Dinallo had taken no other action in the proceeding except requesting the extension. It did not file a counterclaim or a third-party complaint. Nothing occurred in the action prior to the request for arbitration which prejudiced the Gardners. While the Gardners argue that Dinallo "sought and seeks affirmative relief in its Answer" by requesting the court to afford relief and attorney's fees, we again emphasize that the answer was filed on the same day as the request for arbitration and Dinallo did not take any action to litigate claims or defenses against the Gardners. The totality of the circumstances support the conclusion that there was no waiver.

Case No. 2024-G-0041

**{¶31}** The Gardners argue that because the answer was filed prior to the request seeking a stay, waiver occurred. It is not reasonable to conclude that a request for arbitration is waived when it is filed virtually contemporaneously with an answer. While timing of the filing of motions may be relevant in some situations, here, the filing of the answer and the motion within less than an hour of each other placed the Gardners and the court on notice that Dinallo sought arbitration. Rather than leading to an automatic waiver of the defense of arbitration, this court has considered the fact that an answer to the complaint was filed first as a factor to be considered under the *Harsco* test. *See Alkenbrack* at ¶ 28.

**{¶32}** To the extent that the Gardners argue that arbitration must be raised in a responsive pleading as an affirmative defense under Civ.R. 8(C), this is not consistent with the precedent of this court.

**{¶33}** Civ.R. 8(C) requires that, "[i]n pleading to a preceding pleading, a party shall set forth affirmatively . . . arbitration and award." Failure to properly raise an affirmative defense pursuant to Civ.R. 8(C) results in waiver. *Travelers Indem. Co. v. R.L. Smith Co.*, 2001 WL 369677, *3 (11th Dist. Apr. 13, 2001). This court has held that "'[a]rbitration and award' is not the same as the right to arbitrate." *Garvin v. Independence Place Condominium Assn.*, 2002-Ohio-1472, *1 (11th Dist.). "[T]he existence or assertion of the *right to arbitrate* is different from 'arbitration *and award,*' which implies that arbitration has already occurred and an award has been determined." *Kellog v. Griffiths Health Care Group*, 2011-Ohio-1733, ¶ 18, fn. 3 (3d Dist.). "Therefore, a party who fails to plead the right to arbitrate as an affirmative defense has not, *per se,* waived the right to arbitrate." *Garvin* at *1.

Case No. 2024-G-0041

**{¶34}** This court has also held that a defendant who files an answer may still move for a stay pending arbitration if he has affirmatively pled the application of arbitration in the answer and did not conduct himself in a manner demonstrating waiver. *Alkenbrack*, 2009-Ohio-6512, at ¶ 27 (11th Dist.). However, this court has also concluded that failure to include the right to arbitrate in the answer does not require a finding that the defense was waived but, instead, "[p]leading that the matter should be in arbitration is a fact that the trial court should consider under a totality of the circumstances analysis." *Garvin* at *1. Here, where the request to arbitrate was filed less than an hour after the answer, the totality of the circumstances test weighs in favor of Dinallo although the answer was filed first.

**{¶35}** The Gardners also argue that "insofar as this court may feel that arbitration relates to the venue of the case," this defense was not raised by Dinallo. They do not cite to any authority for the proposition that a party seeking arbitration must raise a defense of venue to avoid waiver.

**{¶36}** The Gardners also argue that Dinallo was in default of proceedings because it knew a dispute existed prior to their initiation of this action but waited until these proceedings to file a demand for arbitration.

**{¶37}** It has been held that where a matter is subject to arbitration, the plaintiff must commence the arbitration action since "it would be nonsensical to require a defendant to commence arbitration of a claim against himself." (Citation omitted.) *Villio v. Fred Martin Ford, Inc.*, 2021-Ohio-2361, ¶ 31 (7th Dist.). *See also Featherstone v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 2004-Ohio-5953, ¶ 8 (9th Dist.) ("[A] party cannot be in default in proceeding with arbitration where it has no duty to commence

Case No. 2024-G-0041

arbitration. Only an aggrieved party may demand arbitration."). The Gardners argue that they have suffered damages because Dinallo did not complete the construction of their house in a workmanlike manner. Dinallo did not assert a claim or counterclaim arguing that it was the aggrieved party under the contract. Dinallo was not required to raise the issue of arbitration until the present suit was commenced and it did so.

{¶38} We find *PS Commercial Play, LLC v. Harp Contractors, Inc.*, 2017-Ohio-4011 (2d Dist.), cited by the Gardners in favor of their argument, to be distinguishable. In *PS*, the court found that the defendant contractor was in default because he was aware of the dispute with the plaintiff, who sent invoices that were unpaid, and failed to initiate arbitration. *Id.* at ¶ 19. In that case, however, only the contractor was permitted to seek arbitration as the language provided for arbitration "in Contractor's sole discretion." *Id.* at ¶ 4. The plaintiffs could not exercise the right to arbitrate the matter in a more expedited fashion. Further, in *PS*, the invoices sent to the defendant clearly put it on notice that there would be a legal dispute when the defendant failed to pay such invoices. In the present matter, the Gardners allegedly raised dissatisfaction with the quality of Dinallo's construction but whether they would ultimately seek to litigate or arbitrate these issues appears less certain.

{¶39} In their second and third issues, the Gardners argue that their agreement to arbitrate was invalid because it incorporated a "loser-pays" attorney fee provision and it was substantively and procedurally unconscionable. Since reversal on the second assignment of error necessitates a hearing at which argument can be presented on the validity and existence of an arbitration agreement, we decline to address these issues and find they are moot.

{¶40} The first assignment of error is without merit.

{¶41} For the foregoing reasons, the judgment of the Geauga County Court of Common Pleas, granting Dinallo's request to compel arbitration and stay proceedings pending arbitration, is reversed and this matter is remanded for further proceedings consistent with this opinion. Costs to be taxed against the appellee.


ROBERT J. PATTON, P.J.,

EUGENE A. LUCCI, J.,

concur.

# JUDGMENT ENTRY

For the reasons stated in the Opinion of this court, the judgment of the Geauga County Court of Common Pleas is reversed and the matter is remanded for further proceedings consistent with the opinion.

Costs to be taxed against appellee.

---
JUDGE SCOTT LYNCH

---
PRESIDING JUDGE ROBERT J. PATTON,
concurs

---
JUDGE EUGENE A. LUCCI,
concurs

---

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.